1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GRADY HARRIS,                              No.  2:16-cv-0830 KJN P

12                  Plaintiff,

13          v.                                  ORDER

14   JEFF MACOMBER, et al.,

15                  Defendants.

16

17   I.  Introduction

18          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

19   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

20   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

21   § 636(b)(1).

22          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

23   Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

25   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

26   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

27   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

28   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

1  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4  § 1915(b)(2).

5  II.  Screening Standards

6  　　　The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11  　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21  　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

28  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

2

1  the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

2  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

3  In reviewing a complaint under this standard, the court must accept as true the allegations of the

4  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

5  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

6  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7  III.  Plaintiff's Complaint

8          In his 105 page filing, plaintiff alleges constitutional violations arising from two discrete

9  incidents that occurred while he was housed at California State Prison, Sacramento ("CSP-

10  SAC").  In his first claim, plaintiff contends that on April 14, 2014, defendant Dacio, a Licensed

11  Vocational Nurse, allegedly in retaliation for plaintiff threatening to file a grievance, falsely

12  charged plaintiff with hoarding.  As a result, defendant Dr. Bobbala discontinued plaintiff's pain

13  medication and rescinded plaintiff's lower bed chrono, and, despite plaintiff's subsequent,

14  multiple complaints of pain, refused to provide plaintiff with adequate pain medication.  As a

15  result, plaintiff suffered severe pain and a fall, resulting in additional injuries.

16          In his second claim, plaintiff alleges that after he was transferred to another CSP-SAC

17  facility on August 26, 2014, plaintiff had a verbal exchange with defendant Calderon on

18  November 21, 2014, after Calderon instructed plaintiff to pull up his boxer shorts.  Defendant

19  Munoz suddenly came from behind and pushed plaintiff up against the wall, and "forcefully

20  applied handcuffs excessively tight causing immediate distress in circulation."  (ECF No. 1 at 9.)

21  Plaintiff was escorted by defendant Munoz, and was joined by defendant Fong, and they began

22  pushing plaintiff forward at a rate of speed plaintiff could not maintain due to his limited mobility

23  and inability to use his cane.  This movement caused plaintiff's boxers to fall down, exposing his

24  genitals and buttocks, and causing prisoners on the yard to laugh.  Other defendants "responded

25  with attention to the escort."  (ECF No. 1 at 9.)  Plaintiff asked the escorting officers to slow

26  down and pull up his boxers.  Plaintiff alleges that defendant Munoz responded by saying, "So

27  what.  You should of thought of that before you started to run your mouth and filing 602's against

28  people for falling down the stairs."  (ECF No. 1 at 10.)  Plaintiff states that he filed a grievance on

1   August 27, 2014, concerning his fall down the stairs.  Once the escort reached the holding cage

2   area, plaintiff claims that defendants Munoz, Fong, Thompson, Williamson, and Calderon

3   slammed plaintiff to the concrete, scraping plaintiff's face and shoulder and aggravating

4   plaintiff's back, and these defendants began kicking plaintiff and punching him with closed fists.

5   After medical evaluation, plaintiff alleges that defendants Rose, Munoz, Fong, Williamson,

6   Calderon, Thompson, Cervantes, Fuller, and Leavitt each conspired to retaliate against plaintiff

7   by filing false peace officer reports charging plaintiff with assault against defendant Munoz.

8   (ECF No. 1 at 11.)  Plaintiff was subsequently found guilty of the charge.  Plaintiff claims that

9   defendant Macomber sustained his subordinates' use of excessive force by ignoring the video

10   recording of the incident to conclude that defendants did no wrong.

11   IV.  Discussion

12       The court has reviewed the complaint pursuant to § 1915A and finds it must be dismissed

13   with leave to amend because the two claims asserted in the complaint are not properly joined

14   under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.  Rule

15   20(a) provides that all persons may be joined in one action as defendants if "any right to relief is

16   asserted against them jointly, severally, or in the alternative with respect to or arising out of the

17   same transaction, occurrence, or series of transactions or occurrences" and "any question of law

18   or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

19       Here, the acts or omissions giving rise to plaintiff's claims happened at two different

20   facilities at CSP-SAC, and were not part of the same transaction, occurrence or series of

21   transactions or occurrences.  Also, the two counts are against an entirely different set of

22   defendants.  These claims are dismissed because they do not (a) arise out of the same transaction,

23   occurrence, or series of transactions or occurrences and (b) present questions of law or fact

24   common to all defendants.  The dismissal of the improperly joined claims and parties means only

25   that they cannot be pursued in this one action.  Plaintiff is free to file a new action as to the claim

26   he chooses not to pursue in this action.  In other words, one of plaintiff's unrelated claims should

27   be dropped from this action without prejudice to renewal in another action.

28   ////

4

In addition, the court notes that the following legal standards may apply to plaintiff's intended claims for relief.

To state a claim under § 1983, a plaintiff must allege:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Jett, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

1    Id.

2         It is important to differentiate common law negligence claims of malpractice from claims

3    predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment.

4    In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

5    support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.

6    1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); see also Toguchi v. Chung, 391

7    F.3d 1051, 1057 (9th Cir. 2004).

8         To state a viable First Amendment retaliation claim, a prisoner must allege five elements:

9    "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

10   that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

11   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

12   Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the First

13   Amendment includes communications that are "part of the grievance process."  Brodheim v. Cry,

14   584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  If plaintiff intends to assert a retaliation claim, he must

15   specifically identify the protected conduct at issue, name the defendant who took adverse action

16   against him, and plead that the allegedly adverse action was taken "because of" plaintiff's

17   protected conduct.

18        "When prison officials use excessive force against prisoners, they violate the inmates'

19   Eighth Amendment right to be free from cruel and unusual punishment."  Clement v. Gomez, 298

20   F.3d 898, 903 (9th Cir. 2002).  In order to establish a claim for the use of excessive force in

21   violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force

22   maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore

23   discipline.  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  In making this determination, the court

24   may evaluate (1) the need for application of force, (2) the relationship between that need and the

25   amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any

26   efforts made to temper the severity of a forceful response.  Id. at 7; see also id. at 9-10 ("The

27   Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from

28   constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

1  of a sort repugnant to the conscience of mankind." (internal quotation marks and citations

2  omitted)).

3       To proceed on a claim predicated on a conspiracy to deprive plaintiff of federally

4  protected rights, plaintiff must allege specific facts showing two or more persons intended to

5  accomplish an unlawful objective of causing plaintiff harm and took some concerted action in

6  furtherance thereof.  Gilbrook v. City of Westminster, 177 F.3d 839, 856-57 (9th Cir. 1999);

7  Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (plaintiff must allege facts showing an

8  agreement among the alleged conspirators to deprive him of his rights); Delew v. Wagner, 143

9  F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege

10  at least facts from which such an agreement to deprive him of rights may be inferred); Burns v.

11  County of King, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of

12  conspiracy insufficient to state a valid § 1983 claim.

13       Finally, a prisoner has no constitutionally guaranteed immunity from being falsely or

14  wrongly accused of conduct which may result in the deprivation of a protected liberty interest.

15  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951

16  (2d Cir. 1986).  As long as a prisoner is afforded procedural due process in the disciplinary

17  hearing, allegations of a fabricated charge fail to state a claim under § 1983.  Hanrahan v. Lane,

18  747 F.2d 1137, 1140-41 (7th Cir. 1984).

19  V.  Leave to Amend

20       Therefore, plaintiff's complaint is dismissed.  The court, however, grants leave to file an

21  amended complaint.  Plaintiff is granted leave to file an amended complaint that raises either his

22  first claim or his second claim, but not both.  Plaintiff must raise his other claim in a separate civil

23  rights action.

24       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

25  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

26  Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

27  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

28  some affirmative link or connection between a defendant's actions and the claimed deprivation.

1    Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

2    (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

3    rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4        Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[1]  See

5    Fed. R. Civ. P. 20(a)(2).

6        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

7    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

8    complaint be complete in itself without reference to any prior pleading.  This requirement exists

9    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

10   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

11   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

12   original complaint, each claim and the involvement of each defendant must be sufficiently

13   alleged.

14       Plaintiff is not required to append exhibits to his amended complaint.

15       In accordance with the above, IT IS HEREBY ORDERED that:

16       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

17       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

18   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).

19   All fees shall be collected and paid in accordance with this court's order to the Director of the

20   California Department of Corrections and Rehabilitation filed concurrently herewith.

21       3.  Plaintiff's complaint is dismissed.

---

[1]  A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18.
In addition, a plaintiff may join multiple defendants in one action where "any right to relief is
asserted against them jointly, severally, or in the alternative with respect to or arising out of the
same transaction, occurrence, or series of transactions and occurrences" and "any question of law
or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated
claims against different defendants must be pursued in separate lawsuits.  See George v. Smith,
507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a
multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the
required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous
suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C.
§ 1915(g)."  George, 507 F.3d at 607.

1          4.  Within thirty days from the date of this order, plaintiff shall complete the attached

2    Notice of Amendment and submit the following documents to the court:

3                    a.  The completed Notice of Amendment; and

4                    b.  An original and one copy of the Amended Complaint.

5    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

6    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

7    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

8    Failure to file an amended complaint in accordance with this order may result in the dismissal of

9    this action.

10          5.  The Clerk of the Court is directed to send plaintiff two forms for filing a civil rights

11   complaint by a prisoner, and one application to proceed in forma pauperis by a prisoner.

12   Dated:  April 28, 2016

13

14

harr0830.14

15

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GRADY HARRIS,                            No.  2:16-cv-0830 KJN P

12                    Plaintiff,

13          v.                                 NOTICE OF AMENDMENT

14    JEFF MACOMBER, et al.,

15                    Defendants.

16

17          Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19                      _____        Amended Complaint
      DATED:
20

21                                            _____

22                                            Plaintiff

23

24

25

26

27

28