UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS,<br><br>              Plaintiff,<br><br>     v.<br><br>J. MACOMBER, et al.,<br><br>              Defendants. | No.  2:16-cv-0830 DB P<br><br><br><br>ORDER |

**I.   Introduction**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 8.) No appearances have been made by any defendants.

Plaintiff initiated this action on April 21, 2016. On April 29, 2016, plaintiff's complaint was screened and dismissed with leave to amend for improper joinder of claims and defendants in violation of Federal Rule of Civil Procedure 20(a).

Plaintiff has since filed a motion for guardian ad litem ("GAL"), competency hearing and/or motion to appoint counsel. (ECF No. 9.) He has also filed a first amended complaint. (ECF No. 10.)

////

////

## II. Plaintiff's Competence

In his motion for GAL, competency hearing and/or motion to appoint counsel, plaintiff contends he suffers from serious mental disorders that require prescribed psychotropic medications that affect his ability to think, eat, sleep, read and comprehend court orders and requirements in this action. He also claims that he relies on other inmates to prepare, serve and file legal pleadings, and to read and explain court orders to him. In support of his motion, plaintiff submits a November 2007 order issued by the Honorable Jan M. Adler from the Southern District of California in a federal habeas action filed by plaintiff, Harris v. Wong, Case No. 06-cv-1747 JLS JMA (S.D. Cal. Nov. 6, 2007). There, Magistrate Judge Adler granted plaintiff's application for a competency hearing based on evidence that plaintiff's mental health and related medications affected his ability to proceed on his own. See Pl.'s Mot. Guardian Ad Litem ("GAL") Ex. A. Judge Adler's motion was based on a review of plaintiff's voluminous psychiatric records and the declaration of an inmate assisting plaintiff with his federal filings. Here, plaintiff submits no medical documentation of his mental disorder, no evidence of the type and amount of medication he is prescribed, and no declaration from any inmate stating that plaintiff is incapable of prosecuting this action without assistance.

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem-or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. Id. at 1152-54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1), here California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at

*2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and In re Sara D., 87 Cal. App. 4th 661, 666-67 (2001)).

Since plaintiff has presented no evidence concerning his current mental health condition, no evidence concerning the medications he is prescribed, and no evidence that others assist and/or prepare his legal filings, his motion for a competency hearing and for appointment of a GAL will be denied at this time.

Insofar as plaintiff seeks the appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Additionally, plaintiff's claim that he suffers from a mental health condition is unsupported by any evidence. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

////
////
////
////
////
////

### III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's May 25, 2016, motion (ECF No. 9) is DENIED without prejudice to its renewal with proper evidentiary support.

Dated: November 14, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;harr0830.gal

4