UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS, | No. 2:16-cv-0830 DB P |
| Plaintiff, | |
| v. | ORDER |
| J. MACOMBER, et al., | |
| Defendants. | |

**I.     Introduction**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 8.) No appearances have been made by any defendants.

Plaintiff initiated this action on April 21, 2016. On April 29, 2016, plaintiff's complaint was screened and dismissed with leave to amend for improper joinder of claims and defendants in violation of Federal Rule of Civil Procedure 20(a).

Plaintiff later filed a motion for guardian ad litem ("GAL"), competency hearing and/or motion to appoint counsel. (ECF No. 9.) He also filed a first amended complaint. (ECF No. 10.) On November 15, 2016, the court denied without prejudice plaintiff's motion for GAL, competency hearing and/or motion to appoint counsel. (ECF No. 12.) Plaintiff was granted leave to renew the motion with proper evidentiary support. (Id.)

Before the court are plaintiff's first amended complaint (ECF No. 10), motion for an extension of time to file a motion for GAL with proper evidentiary support (ECF No. 13), and renewed motion to appoint GAL and counsel (ECF No. 14.) The court did not impose a deadline on plaintiff to renew his motion for GAL, so, therefore, a motion for extension of time is unnecessary. Accordingly, the motion for extension of time (ECF No. 13) is denied as moot. For the reasons outlined below, plaintiff's first amended complaint is deemed to state a cognizable claim; however, plaintiff's motion for GAL and for appointment of counsel is again denied without prejudice.

**II.     Screening of First Amended Complaint**

The initial complaint was dismissed on the ground that it pursued two separate claims against different defendants for distinct incidents. (ECF No. 4.) In the screening order, the magistrate judge then-assigned to the case, ordered plaintiff to submit an amended complaint that pursued only one of the two claims and to pursue the other claim in a separate action. (Id.) The first amended complaint complies with these instructions and presents only claims arising from a single alleged incident. (See ECF No. 10.)

Plaintiff's amended complaint appears to state cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

**III.    Motion to Appoint Guardian ad Litem and Counsel**

    **A.     Plaintiff's Competency**

In his initial motion for GAL, competency hearing and/or motion to appoint counsel, plaintiff contended that he suffers from serious mental disorders that require prescribed psychotropic medications that affect his ability to think, eat, sleep, read and comprehend court orders and requirements in this action. (ECF No. 9.) He also claimed that he relies on other inmates to prepare, serve and file legal pleadings, and to read and explain court orders to him. (Id.) In support of that motion, plaintiff submitted only a November 2007 order issued by the Honorable Jan M. Adler from the Southern District of California in a federal habeas action filed by plaintiff, Harris v. Wong, Case No. 06-cv-1747 JLS JMA (S.D. Cal. Nov. 6, 2007). There,

Magistrate Judge Adler granted plaintiff's application for a competency hearing based on evidence that plaintiff's mental health and related medications affected his ability to proceed on his own. (See ECF No. 9 at 6-10.) Judge Adler's order was based on a review of plaintiff's voluminous psychiatric records and the declaration of an inmate assisting plaintiff with his federal filings. In the initial motion, plaintiff did not attach any medical documentation of his mental disorder, evidence of the type and amount of medication he is prescribed, nor a declaration from any inmate stating plaintiff is incapable of prosecuting this action without assistance.

In the renewed motion for GAL, plaintiff has attached some medical records, as well as declarations from a former treating psychiatrist and an inmate who purports to prepare plaintiff's legal filings in this case. (ECF No. 14 at 4-20.) The medical records indicate that plaintiff suffered from numerous mental health ailments and that, for at least some period of time, he was forcibly medicated under a court order. (Id.) However, the attached medical records and declaration from the psychiatrist are all dated between three and nine years ago; the only documentation of plaintiff's current mental health status (or at least of plaintiff's current ability to proceed with litigation) is a declaration from another inmate who claims that plaintiff cannot keep up with this litigation on his own because of mental health impairments. (Id.)

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem-or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. Id. at 1152-54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1), here California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL

4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and In re Sara D., 87 Cal. App. 4th 661, 666-67 (2001)).

The records that are before the court indicate that plaintiff suffered from severe mental impairments that, at one time, required him to be forcibly medicated and, for which, another court deemed plaintiff incompetent in a separate proceeding. (ECF Nos. 9 at 6-10; 14 at 4-20.) However, as noted above, none of these records attest to plaintiff's **current** mental health status. While the documentary evidence is helpful to establish that plaintiff endured mental health ailments that could impact his ability to prosecute a civil action in the past, these documents do not provide sufficient information concerning plaintiff's current situation. The only evidence concerning plaintiff's present condition is a declaration signed by a prisoner attesting to the fact that plaintiff takes medications that impact his ability to prosecute the suit and meet court-imposed deadlines. (ECF No. 10 at 19-20.) The prisoner suggests that it would be appropriate to appoint legal counsel to help prosecute this case. (Id.) While this declaration supports the contention that plaintiff needs assistance to prosecute this case, it provides insufficient insight into plaintiff's current mental health status and capacity from a professional medical perspective.

Thus, at this time, the record is still incomplete as to whether plaintiff "lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC, 2012 WL 4482053, at *2. In addition to providing insufficient factual support to establish his mental incapacity, the court recognizes that plaintiff has so far prosecuted this case competently, as evidenced by the above screening of the first amended complaint, which corrected the issues identified by the court in the initial screening and presented a cognizable claim on which this case will proceed. Thus, at this time, plaintiff appears to be sufficiently handling the rigors of this litigation.

Accordingly, the motion for appointment of GAL is again denied without prejudice. Plaintiff may file a renewed motion for GAL accompanied by sufficient evidentiary support concerning his current mental health status.

However, in recognizing that plaintiff has a documented history of mental illness, that he has been deemed incompetent in official proceedings in the past, and that this current case is

being prosecuted with the assistance of another inmate, the court will also order the Office of the California Attorney General to inquire into the status plaintiff's mental health and to ensure that he has sufficient access to his medical records, so that, if he so chooses, he can file a renewed motion for GAL with more recent evidentiary support.

### B. Appointment of Counsel

Insofar as plaintiff seeks the appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Additionally, plaintiff's claim that he currently suffers from a mental health condition is unsupported by the evidence on the record. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

### III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Service of the amended complaint is appropriate for the following defendants: K. Rose; J. Munoz; M. Fong; S. Williamson; D. Calderon; M. Thompson; E. Cervantes; T. Fuller; and D. Leavitt.

2. Defendants Jeff Macomber, Bobbala, and L. Daciois shall be terminated from this action.

5

2. The Clerk of the Court shall send plaintiff 9 USM-285 forms, one summons, an instruction sheet, and a copy of the amended complaint filed May 25, 2016.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. 10 copies of the endorsed amended complaint filed May 25, 2016.

4. Plaintiff shall not attempt to effect service of the amended complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. Plaintiff's motion for an extension of time (ECF No. 13) is denied as moot.

6. Plaintiff's renewed motion for GAL and to appoint counsel (ECF No. 14) is denied without prejudice to its renewal with proper evidentiary support.

7. The Office of the California Attorney General is instructed to:

    a. Contact the CSP-Sac Litigation Coordinator to determine:

        i. Whether plaintiff currently has access to his mental health records;

        ii. Whether plaintiff has access to sufficient current medical documentation so that he can properly file a motion for GAL with evidentiary support.

    b. Within twenty days after the filing date of this order, file and serve a statement reflecting the findings of such inquiry, including all appropriate declarations.

////
////
////
////

8. The Clerk of the Court is directed to serve a copy of this order on Ms. Monica Anderson, Supervising Deputy Attorney General.

Dated: July 7, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL.RIGHTS / harri.0830.scrn.1.31.gal