UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFF MACOMBER, et al.,<br><br>        Defendants. | No. 2:16-cv-0830 DB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons listed below, the court will: (1) order that a United States District Court Judge be assigned to this matter in light of Williams v. King, 875 F.3d 500 (9th Cir. 2017),[1] and (2) vacate its July 10, 2017 screening order (ECF No. 15) in part to the extent that it dismissed

////

---

[1] In Williams, the Ninth Circuit reiterated the 28 U.S.C. § 636(c)(1) need for all-party consent to a magistrate judge presiding over a matter prior the magistrate being able to issue dispositive motions in it. Williams, 875 F.3d at 504 (stating that plaintiff's consent alone is insufficient to satisfy Section 636(c)(1) jurisdictional requirement); see also Tripati v. Rison, 847 F.2d 548 (1988) (finding pursuant to 28 U.S.C. § 636(c)(1) magistrate has no authority to issue final judgment on motion unless matter has been referred to him or her by court and parties consent to have magistrate decide motion and enter judgment).

defendants Macomber, Bobbala and Dacois. The undersigned will also recommend that defendants Macomber, Bobbala and Dacois be dismissed.

On April 21, 2016, plaintiff filed a complaint in this court. (ECF No. 1). On April 29, 2016, the previously assigned magistrate judge dismissed the complaint with leave to amend because the two claims therein were not properly joined under Federal Rule of Civil Procedure 20(a). (See ECF No. 4 at 4).

Plaintiff filed a first amended complaint on May 25, 2016. (ECF No. 10). The matter was reassigned on August 3, 2016 (see ECF No. 11), and on July 10, 2017, the undersigned issued an order finding service of the amended complaint appropriate for defendants K. Rose, J. Munoz, M. Fong, S. Williamson, D. Calderon, M. Thompson, E. Cervantes, T. Fuller and D. Leavitt (see ECF No. 15 at 5). At the same time, defendants Macomber, Bobbala and Dacois were dismissed from the action. (See id.).

On November 17, 2017, an answer was filed by all remaining defendants except defendant Leavitt. (See ECF No. 25). A discovery and scheduling order was issued on November 27, 2017. (ECF No. 26). Plaintiff filed a reply on December 12, 2017. (ECF No. 30). On February 9, 2018, defendant Leavitt, who has separate, private counsel, filed a motion to dismiss. (See ECF No. 34).

On March 20, 2018, defendants K. Rose, J. Munoz, M. Fong, S. Williamson, D. Calderon, M. Thompson, E. Cervantes, and T. Fuller filed a request for ruling by a district court judge in light of Williams v. King, 875 F.3d 500 (9th Cir. 2017). (See ECF No. 37). Defendant Leavitt did not join in the motion. (See generally id.). On April 20, 2018, these defendants also filed a motion to modify the discovery and scheduling order pending the district court's review of the undersigned's July 10, 2017 screening order. (See ECF No. 46). That motion was granted on May 1, 2018. (See ECF No. 48). In addition, the dispositions of several outstanding motions to compel filed by the same defendants (see ECF Nos. 38-45) are contingent upon the district court judge's review of the instant screening order.

////

////

2

Accordingly, IT IS HEREBY ORDERED that:

1. The July 10, 2017 screening order (ECF No. 15) is VACATED in part to the extent that it dismissed defendants Macomber, Bobbala and Dacois, and

2. The Clerk of Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that defendants Macomber, Bobbala and Dacois be dismissed for the reasons set forth in the court's July 10, 2017 order (ECF No. 15).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 7, 2018  /s/ DEBORAH BARNES
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/harr0830.57.scrn.f&r