UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0830 DB P<br><br><br>ORDER |

Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. On September 12, 2017, plaintiff filed a third motion for the appointment of counsel. (ECF No. 20). At the same time, plaintiff filed a motion requesting permission to begin discovery and/or to hold a scheduling conference. (See ECF No. 21). On December 12, 2017, plaintiff filed a fourth motion for the appointment of counsel and/or a motion for a guardian ad litem competency hearing. (See ECF No. 29).

Plaintiff's previous motions for appointment of counsel were filed on May 25, 2016, and January 3, 2017. (See ECF Nos. 9, 14). Both motions were denied. (See ECF Nos. 12, 15). For the reasons stated herein, the court will deny plaintiff's motions to appoint counsel and his motion for a guardian ad litem competency hearing (ECF Nos 20, 29). The court will also deny plaintiff's motion to begin discovery (ECF No. 21).

////

I. Plaintiff's Motions to Appoint Counsel and Motion for a Guardian Ad Litem Hearing

    A. Motions to Appoint Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Despite plaintiff's mental health claims, the court notes that to date, plaintiff has been able to manage his case adequately without the assistance of counsel. Specifically, plaintiff has submitted a complaint and an amended complaint of his own volition and with no assistance, and he has articulated his claims clearly enough for them to survive statutory screening. (See ECF Nos. 1, 10). Plaintiff also appears to adequately comprehend his obligations in this matter. For example, he understands the purpose of and the need for discovery to the point that in September 2017, he filed the instant request to begin discovery of his own volition. (See ECF No. 21). Throughout this action, plaintiff has also appeared to understand the need for and has then requested extensions of time to file the requisite documents in this case. (See ECF Nos. 13, 32).

Indeed, plaintiff is so focused and intricately familiar with the details of his case that in August 2017, he filed a notice informing the court that he might have put the wrong case name on the nine USM-285 forms he had filed (see ECF No. 18), and in November 2017, he filed a request for entry of default against all of the defendants alleging that they had failed to timely file an

answer to his complaint (see ECF No. 22). Both of these filings appear to have been done without the assistance of anyone else. (See generally ECF Nos. 18, 22). Finally, although plaintiff has provided a number of medical records that document his mental health limitations (see ECF No. 29 at 8-48), the majority of them appear to have been created back in April and May of 2017. (See id.).

Some of the documents that plaintiff has filed have declarations from other inmates attached which attempt to verify his mental health issues and/or which state that they have assisted plaintiff with filing his pleadings. (See, e.g., ECF Nos. 13, 14). However, these documents are the exception and not the rule. (See, e.g., ECF Nos. 1, 2, 7, 8, 9, 10, 18, 22 (documents plaintiff has prepared without assistance)). The fact that the assistance statements in plaintiff's filings began to appear after the court pointed out their absence in its November 2016 denial of plaintiff's request for appointment of counsel (see ECF No. 12 at 2) is also noteworthy. (Compare ECF Nos. 1, 2, 7, 8, 9, 10 (plaintiff's filings before court's first denial of counsel and guardian ad litem appointment in November 2016), with ECF Nos. 13, 14 (plaintiff's filings after court's November 2016 denial)).

In sum, none of the evidence plaintiff has presented to date demonstrates that plaintiff's mental health deficits are currently interfering with his ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn, 789 F.2d at 1331; Weygandt, 718 F.2d at 954. For these reasons, the court does not find that exceptional circumstances exist which warrant the appointment of counsel. Consequently, plaintiff's motions for the appointment of counsel (ECF Nos. 20, 29) will be denied.

B. Motion for a Guardian Ad Litem Hearing

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem-or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider

3

sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. Id. at 1152-54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1), here, California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372, and In re Sara D., 87 Cal. App. 4th 661, 666-67 (2001)).

As noted above, neither the record nor plaintiff's actions to date indicate that plaintiff currently either lacks the capacity to understand the nature or consequences of the proceeding or that he would be unable to assist counsel with the preparation of his case. On the contrary, to date, plaintiff has appeared to clearly understand the proceedings and has been able to adequately represent himself. For these reasons, plaintiff's motion for a guardian ad litem hearing (ECF No. 29) will be denied.

II.     Plaintiff's Motion Seeking Permission to Engage in Discovery

Plaintiff's motion to begin discovery was filed in September 2017. (See ECF No. 21). Since then, discovery has begun (see ECF No. 26), and motions to compel have been filed (see ECF Nos. 38-45). Currently, however, discovery is stayed pending a de novo review of the undersigned's July 10, 2017 screening order by a district court judge. (See ECF No. 48). Despite this fact, given that discovery has begun, plaintiff's motion to begin discovery (ECF No. 21) will be denied as moot.

////
////
////
////
////
////
////

4

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's third and fourth motions to appoint counsel and/or motion for a guardian ad litem competency hearing (ECF Nos. 20, 29) are DENIED, and

2. Plaintiff's September 2017 motion seeking permission to begin discovery (ECF No. 21) is DENIED as moot.

DATED: May 7, 2018         /s/ DEBORAH BARNES
                           UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/harr0830.31.thr.gal.disc