UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0830 TLN DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 28, 2018, defendants D. Calderon, E. Cervantes, M. Fong, T. Fuller, J. Munoz, K. Rose, M. Thompson, and S. Williamson[1] filed a motion to compel further discovery. (ECF No. 61). Plaintiff has not opposed the motion. For the reasons stated below, defendants' motion will be granted.

**I.     RELEVANT FACTS**

In plaintiff's first amended complaint ("FAC"), he contends that in November 2014, defendants used excessive force when handcuffing and removing him from his cell. (See ECF

---

[1] Defendant Leavitt, who is also a party to this action, is represented by private counsel. His case has not reached the discovery phase. For this reason, unless otherwise stated, the court's references to "defendants" throughout this order do not include defendant Leavitt.

1

No. 10 at 5). In addition, plaintiff contends that defendants violated his First Amendment rights when they subsequently paraded him through the prison yard after his boxer shorts had fallen, leaving his buttocks and genitalia exposed to onlookers. Plaintiff further alleges that violations of right also occurred when defendants punched and kicked him as he lay handcuffed on the ground in a sally port and when they subsequently filed false reports against him. He argues that these acts of defendants were retaliatory in nature and that they occurred because he had previously filed grievances against prison authorities. Therefore, he asserts, defendants' actions were violative of both his Eighth and First Amendment rights. (See generally ECF No. 10).

## II.    RELEVANT PROCEDURAL HISTORY

On November 27, 2017, the court issued a discovery and scheduling order for the named defendants. (ECF No. 27). At that time, discovery was to be conducted until March 16, 2018, and pretrial motions were to be filed no later than June 8, 2018. (Id. at 5).

On January 29, 2018, plaintiff filed a motion for an extension of time to respond to defendants' interrogatories. (ECF No. 32). As a result, the court extended the scheduling deadlines out eight weeks changing the discovery cut-off date to May 11, 2018, and the pretrial motion cut-off date to August 3, 2018.[2] (See ECF No. 33 at 2).

On April 12, 2018, defendants filed multiple motions to compel further responses to discovery.[3] (ECF Nos. 38-45). On April 19, 2018, defendants filed a motion to modify the discovery and scheduling order. (ECF No. 46). In it, defendants asked the court to postpone the May 11, 2018, discovery deadline and the August 3, 2018, dispositive motion deadline.[4] (See id.).

---

[2] The subsequently filed request for clarification filed by defense counsel Anna De La Torre-Fennell on February 12, 2018 (ECF No. 35), led the court to issue a second order on February 15, 2018 (ECF No. 36). That order mistakenly returned the date by which plaintiff was to respond to defendants' discovery requests from May 11, 2018, to the court's originally scheduled date of March 16, 2018. (See id. at 2).

[3] Thereafter, having received additional documents from plaintiff and having met in August 2018 to discuss their content, on August 21, 2018, defendants withdrew their motions to compel subject to filing renewed motions if warranted. (See ECF No. 59).

[4] Here again, it appears there was some confusion about the actual discovery and dispositive motion deadline dates. (Compare ECF No. 46 at 1, with ECF No. 46-1 at 1).

On May 1, 2018, the court granted defendants' motion to modify the scheduling order. (ECF No. 48). As a result, the close of discovery and dispositive motion deadlines were extended to sixty days after the district court had ruled on defendants' March 30, 2018, request that it review the court's July 10, 2017, screening order.[5] (See id.).

On May 17, 2018, defendants filed a motion for clarification regarding the court's "May 1, 2018 order (ECF No. 52),"[6] order which had granted their motion to modify the discovery and scheduling order. (ECF No. 55). In the request for clarification, defendants inquired whether discovery proceedings "[had] indeed been stayed." (Id.) (brackets added). At the same time, defendants moved for a grant of a sixty-day extension of time to respond to plaintiff's April 20, 2018, discovery requests if discovery proceedings had not been stayed. (Id. at 2). For various reasons, one of which being that the specific order for which defendants were asking for clarification was unclear, the court did not address defendants' filing.

On August 21, 2018, defendants filed a notice of withdrawal of the motions to compel they had filed on April 12, 2018. (ECF No. 59). This was due to the fact that the parties had met, and plaintiff had provided additional discovery to defendants. (See id. at 1-2).

On September 11, 2018, the district court judge assigned to this matter adopted the findings and recommendations of this court. (ECF No. 60). As a result, the three defendants that had previously been dismissed by this court prior to the vacation of that order were dismissed again. (See ECF No. 60 at 2).

////

---

[5] On March 20, 2018, pursuant to Williams v. King, 875 F.3d 500 (9th Cir. 2017), defendants had filed a request to have a district court judge review the court's July 10, 2017, screening order which had dismissed three defendants from this action. (See ECF No. 37). As a result, on May 8, 2018, the court vacated the July 2017 screening order in part and recommended to the district court judge assigned to this action that the three defendants who had previously been dismissed be dismissed again. (See ECF No. 52).

[6] See ECF No. 55 at 1. Here again, there was some confusion regarding for which order defendants wanted clarification. Although defendants had requested clarification on the court's May 1, 2018, order which had been docketed as ECF No. 48 (see ECF No 55 at 1) (caption heading), defendants simultaneously referenced the court's order which had been issued on May 8, 2018, and docketed as ECF No. 52. (See id.). A substantive review of defendants' May 17, 2018, motion indicates that the order for which defendants wanted clarification was its order docketed as ECF No. 48, not its order docketed as ECF No. 52.

3

On September 28, 2018, defendants filed a motion to compel further responses to discovery pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). (ECF No. 61). Plaintiff has not filed any objections to the motion. Therefore, defendants' motion is submitted, and the court considers it herein.

### III. APPLICABLE LAW

#### A. Federal Rule of Civil Procedure 37(a)(3)(B): Failure to Cooperate in Discovery

Federal Rule of Civil Procedure 37(a)(3)(B)(iii) states:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
>   **(3) Specific Motions.**
>     (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>       . . . .
>       (iii) a party fails to answer an interrogatory submitted under Rule 33.

Fed. R. Civ. P. 37(a)(3)(B)(iii).

#### B. Federal Rule of Civil Procedure 26(b)(1): Scope of Discovery

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> **(b) Discovery Scope and Limits.**
>
>   **(1) Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly

4

to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

**IV.  DISCUSSION**

**A.  Discovery Requested**

After defendants had filed the multiple motions to compel on April 12, 2018 (ECF Nos. 38-45), in July 2018, plaintiff sent defendants two volumes of documents. (See ECF No. 61 at 3). Thereafter, the parties met to discuss them. (See id.).

Having reviewed plaintiff's recently provided discovery, defendants contend that plaintiff's responses to some of their interrogatories are still insufficient. (ECF No. 61 at 3-6). Defendants have listed the twenty-five interrogatories they argue have yielded insufficient responses from plaintiff, and they have provided examples of plaintiff's inadequate responses. (See id. at 3-4).

The discovery responses provided by plaintiff which defendants claim are inadequate are the following:

- Defendant Williamson's Interrogatory Request Nos. 3, 6, and 12;
- Defendant Thompson's Interrogatory Request Nos. 3, 6, and 10;
- Defendant Fong's Interrogatory Request Nos. 3, 5, 7, 8, and 12;
- Defendant Rose's Interrogatory Request Nos. 3, 5, and 9;

5

1 • Defendant Calderon's Interrogatory Request Nos. 3, 7, 9, and 12;

2 • Defendant Fuller's Interrogatory Request Nos. 3, 4, 6, and 10;

3 • Defendant Munoz' Interrogatory Request Nos. 5 and 10;

4 • Defendant Cervantes' Interrogatory Request No. 3;

(ECF No. 61 at 4).

**B.     Examples of Plaintiff's Deficient Responses**

Defendants state that one example of an insufficient response repeatedly offered by plaintiff is that defendants have not given him the requested documents. (ECF No. 61 at 5-7). This, defendants contend, is an inadequate response because their requests are based on plaintiff's own knowledge, not on what documents defendants might have. (See id. at 5). An example of this is the following:

DEFENDANT THOMPSON'S INTERROGATORY NO. 3:

Identify all DOCUMENTS supporting YOUR contention that Defendant Thompson violated YOUR constitutional rights as alleged in YOUR First Amended Complaint. (ECF No. 61-2 at 416).

Plaintiff provided the following amended response:

AMENDED RESPONSE TO DEFENDANT THOMPSON'S INTERROGATORY NO. 3:

See (exhibits A, B, and C attachment). Further Plaintiff lacks requested discovery documentation to answer interrogatory sufficiently. (ECF No. 61-2 at 416).

Another example defendants provide is plaintiff's repeated failure to specifically identify which documents support his responses to their interrogatories. (ECF No. 61 at 5). This, too, defendants contend, is a problem, because when plaintiff provided his responses to the interrogatories, although he had identified his documents with exhibit numbers, plaintiff also placed several different documents within each exhibit. (See id.). An example of this is the following:

DEFENDANT FULLER'S INTERROGATORY NO. 3:

Identify all DOCUMENTS supporting YOUR contention that Defendant Fuller violated

////

YOUR constitutional rights as alleged in YOUR First Amended Complaint. (ECF No. 61-2 at 386).

Plaintiff provided the following amended response:

AMENDED RESPONSE TO DEFENDANT FULLER'S INTERROGATORY NO. 3:

See exhibits A, B, and C attachments. (ECF No. 61-2 at 386).

Third and fourth examples of plaintiff's deficient amended responses to defendants' interrogatories is plaintiff's referrals to previous responses to different discovery requests and his unspecified objections which state that he has previously answered interrogatory requests. These answers are not responsive, either, because the previous requests are not duplicative of subsequent ones and because plaintiff did not raise any objections in his original responses. (ECF No. 61 at 9-10). An example of plaintiff's unspecified objections is the following:

DEFENDANT CALDERON'S INTERROGATORY NO. 3:

Identify all DOCUMENTS supporting YOUR contention that Defendant Calderon violated YOUR constitutional rights as alleged in YOUR First Amended Complaint. (ECF No. 61-2 at 300).

Plaintiff provided the following amended response:

AMENDED RESPONSE TO DEFENDANT CALDERON'S INTERROGATORY NO. 3:

Objection in part. Plaintiff has attached exhibits to clarify sufficiently Plaintiff's responses to defendant's Interrogatory No. 3. (ECF No. 61-2 at 300).

An example of plaintiff's reference to previous responses to different discovery requests is the following:

DEFENDANT CALDERON'S INTERROGATORY NO. 7:

State all facts that support YOUR claim that Defendant Calderon kicked and punched YOU as alleged in YOUR First Amended Complaint. (ECF No. 61-2 at 302).

AMENDED RESPONSE TO DEFENDANT CALDERON'S INTERROGATORY NO. 7:

The same supporting facts for Interrogatory No. 5 are the same supporting for Interrogatory No. 7. See No. 5 Interrogatory to Compel. (ECF No. 61-2 at 302).

////

## V. CONCLUSION

The court agrees with defendants' claim that plaintiff's responses to the interrogatories listed herein are deficient. Plaintiff has not disputed any of defendants' assertions regarding their inadequacy.

Given the nature of plaintiff's claims, the court finds that defendants' interrogatories and the information they seek fall well within the boundaries of plaintiff's allegations and this action. Furthermore, it does not appear that more complete responses to defendants' interrogatories would require plaintiff to divulge privileged information, and as defendants have stated, much of the information they have requested is only information that plaintiff can provide. Plaintiff has not stated otherwise. Moreover, to the extent plaintiff's contention may be true that defendants possess information that he has not received and that this has prevented him from fully responding to defendants' interrogatories, plaintiff should have filed his own motion to compel during these proceedings.

For these reasons the court shall grant defendants' motion to compel. Plaintiff shall be given forty-five days within which to provide complete and clear responses to the deficient interrogatories identified herein. Given the amount of time that has passed between defendants' filing of the motion to compel and the issuance of this order, the court also finds that plaintiff has had ample time to begin to compile more complete responses to defendants' interrogatories. Consequently, plaintiff is warned that absent exigent circumstances, a request for an extension of time to comply with this order will not be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel, filed September 28, 2018 (ECF No. 61), is GRANTED;

2. Within forty-five days of the service date of this order, plaintiff shall provide complete responses to defendants' outstanding interrogatories. Absent exigent circumstances, a request for an extension of time to comply with this order will not be granted;

////

////

3. Upon receipt of this order, defense counsel Anna De La Torre-Fennell shall send plaintiff new copies of defendants' interrogatory requests that are currently at issue in order to eliminate any confusion regarding which of them remain to be properly answered by plaintiff;

4. The discovery deadline is extended to October 25, 2019, and

5. The dispositive motion deadline is extended to November 29, 2019.

Dated: September 18, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/harr0830.mtc.grnt