UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRADY HARRIS,

    Plaintiff,

v.

JEFF MACOMBER, et al.,

    Defendants.

No. 2:16-cv-0830 TLN DB P

ORDER

Plaintiff has requested the appointment of counsel. (ECF No. 70). This is plaintiff's fifth motion of this kind. (See generally ECF Nos. 9, 14, 20, 29). Plaintiff has also filed a motion for the court clerk to issue subpoenas directing prison officials to bring records to a deposition that took place on October 18, 2019. (ECF No. 71). For the reasons stated below, the court will deny both motions.

I.     MOTION FOR THE APPOINTMENT OF COUNSEL

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1    When determining whether "exceptional circumstances" exist, the court must consider
2    plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his
3    claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d
4    965, 970 (9th Cir. 2009) (stating same and concluding district court did not abuse discretion in
5    declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the
6    plaintiff.  Id.  Neither of these factors is dispositive and instead must be viewed together.  Palmer,
7    560 F.3d at 970 (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)), but see
8    Richards v. Harper, 864 F.2d 85, 87-88 (9th Cir. 1988) (finding no likelihood of success on merits
9    and not addressing "ability to articulate claims pro se" prong in exceptional circumstances
10   analysis prior to denying motion for counsel).  Circumstances common to most prisoners, such as
11   lack of legal education and limited law library access, do not establish exceptional circumstances
12   that warrant a request for voluntary assistance of counsel.  See, e.g., Wood, 900 F.2d at 1335-36
13   (denying appointment of counsel where plaintiff complained he had limited access to law library
14   and lacked legal education).

15   The fact that this action has not been dismissed outright three years into the proceedings
16   and after substantial discovery has been produced arguably suggests plaintiff has adequately
17   represented himself.  Specifically, he has filed appropriate motions at the proper times and then
18   some.  Thus, plaintiff clearly understands the proceedings, and he is capable of speaking for
19   himself and of gathering and presenting information needed to continue them.  For these reasons,
20   the court does not find the required exceptional circumstances.  Plaintiff's request for the
21   appointment of counsel will therefore be denied.

22   II.    MOTION FOR SUBPOENAS TO ISSUE

23   Plaintiff's motion for subpoenas asks the court to issue subpoenas on his behalf that
24   require defendants to bring certain documents to an October 18, 2019, deposition and that require
25   defendants to provide responses to a list of his questions.  For various reasons, this motion is both
26   inappropriate and untimely.  Consequently, it shall be denied.

27   ////
28   ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed October 17, 2019 (ECF No. 70), is DENIED, and

2. Plaintiff's motion for the court clerk to issue subpoenas to prison officials, filed October 17, 2019 (ECF No. 71), is DENIED.

Dated: October 21, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/harr0830.31(5).subp.den