UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF MACOMBER, et al.,<br><br>    Defendants. | No. 2:16-cv-0830 TLN DB P<br><br>ORDER |

On December 10, 2019, defendants K. Rose, J. Munoz, M. Fong, S. Williamson, D. Calderon, M. Thompson, E. Cervantes, and T. Fuller[1] filed a notice of motion and motion for sanctions and a motion to modify the discovery and scheduling order. (ECF Nos. 76 et seq., 77). For the reasons stated below, the court will grant defendants' motion to modify the discovery and scheduling order, and it will rule on defendants' motion for sanctions after it has been fully briefed.[2]

---

[1] Defendant Leavitt, also a party to this action, is represented by separate counsel. He is at a different stage in these proceedings and is currently awaiting a ruling on his objections to the undersigned's March 25, 2019, findings and recommendations on his motion to dismiss. (See ECF Nos. 34, 62, 64).

[2] Under the Local Rules, plaintiff must be afforded the opportunity to file either an opposition or response to defendants' motion for sanctions. Thereafter, defendants must be given an opportunity to file a reply. See L.R. 230(l) (E.D. Cal. 2009). The current deadlines for plaintiff's opposition and defendants' reply fall on dates after the current December 30, 2019, due date for dispositive motions.

1

On November 6, 2019, the court granted defendants' motion for an extension of time to file dispositive motions. (See ECF No. 75). As a result, dispositive motions are currently due on December 30, 2019. (See id.).

Defendants' motion for sanctions, which was filed simultaneously with defendants' motion to modify the scheduling order, asserts that plaintiff has failed to comply with this court's September 2019 orders which directed him to provide interrogatory responses and to produce documents. (See ECF No. 76-1 at 2-4). As a result, defendants request that terminating sanctions issue, or that in the alternative, plaintiff be denied the opportunity to present evidence either at trial or in future motions that has not been disclosed in response to their discovery requests. (See id.).

Should the court grant defendants' motion for terminating sanctions, dispositive motions, currently due on December 30, 2019, would no longer need to be filed. Thus, from a procedural perspective, it makes sense to reschedule the due date of dispositive motions to one that comes after the court has ruled on defendants' motion for sanctions. Accordingly, the court will grant defendants' motion to modify the current discovery and scheduling order. (See ECF No. 77). Dispositive motions shall now be due within thirty days of the court's ruling on defendants' fully briefed motion for sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the discovery and scheduling order, filed December 10, 2019 (ECF No. 77), is GRANTED;

2. The dispositive motion deadline is hereby EXTENDED, and

3. Dispositive motions shall be filed within thirty days from the date of the court's ruling on defendants' motion for sanctions filed December 10, 2019 (see ECF No. 76).

Dated: December 23, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/harr0830.dso.mod.grnt3