UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-00830-TLN-DB<br><br>**ORDER** |

Plaintiff Grady Harris ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff alleges that Defendant Correctional Officers Rose, Munoz, Fong, Williamson, Calderon, Thompson, Cervantes, Fuller, and Leavitt (collectively, "Defendants") retaliated against him for exercising his First Amendment right to file grievances and pursue civil rights litigation, used excessive force against him, then filed a false disciplinary report regarding the use of force incident. (ECF No. 10.) Presently before the Court is Defendant Leavitt's ("Leavitt") Motion to Dismiss Plaintiff's First Amended Complaint.[1]  (ECF No. 34.)

/ / /

---

[1] Leavitt is represented by different counsel than the remaining Defendants. The other Defendants answered the First Amended Complaint (ECF No. 25) and are currently proceeding with discovery. The instant Motion to Dismiss was filed by and pertains to Leavitt only.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On March 25, 2019, the magistrate judge issued findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 62.)  On April 8, 2019, Leavitt filed "Objections to Magistrate Judge's Findings and Recommendations."  (ECF No. 64.)

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed *de novo*.  *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, and good cause appearing, the Court finds that it is appropriate to adopt in part and reject in part the Findings and Recommendations for the reasons stated herein.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This matter is currently proceeding on Plaintiff's First Amended Complaint ("FAC"), in which Plaintiff asserts claims against Defendants for violations of Plaintiff's rights under 42 U.S.C. § 1997 and the First, Sixth, Eighth, and Fourteenth Amendments.  (ECF No. 10 at 5.)

Specifically, Plaintiff alleges that, on November 21, 2014, he exchanged insults with Calderon while preparing to attend exercise yard and was slammed against a wall by Munoz.  (*Id.*)  Munoz and Fong then escorted Plaintiff to the sally port to be locked inside a holding cage.  (*Id.*)  Plaintiff alleges the escort was conducted at a pace which was too fast for him due to his limited mobility and inability to use his cane.  (*Id.* at 5–6.)  During the escort, Plaintiff's boxer shorts fell below his buttocks and genitals but Munoz and Fong forced Plaintiff to continue the escort while being exposed to other prisoners and correctional officers on the yard.  (*Id.* at 6.)  At

1  this time, Plaintiff caught the attention of Williamson, Calderon, Thompson, Cervantes, Fuller,
2  and Leavitt.  (*Id.*)  When Plaintiff asked Munoz and Fong to permit him to slow down and pull up
3  his pants, Munoz stated, "so what.  You should [have] thought of that before you started to run
4  your mouth and fil[e] [prison grievances] against people for falling down the stairs."  (*Id.*)
5  Plaintiff alleges Munoz's statement refers to an inmate grievance Plaintiff filed on August 27,
6  2014.  (*Id.* at 7.)  Plaintiff also alleges that "several" of the correctional officers who were
7  watching his escort then laughed "in agreement" with Munoz's statement.  (*Id.*)  Plaintiff does not
8  specify which of the officers laughed.  (*See id.*)

9  Once the escort reached the sally port, Munoz, Fong, Thompson, Williamson, and
10 Calderon slammed Plaintiff on the ground and punched him.  (*Id.*)  Sometime thereafter, Rose,
11 Munoz, Fong, Williamson, Calderon, Thompson, Cervantes, Fuller, and Leavitt, "conspired to
12 further retaliate, as well [as] conceal the assault … by filing false peace officer reports charging
13 Plaintiff with a bogus assault against Munoz which resulted in a subsequent finding of guilt."  (*Id.*
14 at 8.)

15 On July 10, 2017, the magistrate judge screened Plaintiff's FAC and found it potentially
16 stated claims against Defendants Rose, Munoz, Fong, Williamson, Calderon, Thompson,
17 Cervantes, Fuller, and Leavitt pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  (ECF No.
18 15 at 2, 5.)  On November 17, 2017, Defendants Rose, Munoz, Fong, Williamson, Calderon,
19 Thompson, Cervantes, and Fuller answered Plaintiff's FAC.  (ECF No. 26.)  On February 9,
20 2018, Leavitt filed the instant Motion to Dismiss.  (ECF No. 34.)

21 The Findings and Recommendations recommend granting Leavitt's motion as to
22 Plaintiff's Sixth and Fourteenth Amendment, and 42 U.S.C. § 1997 claims, and denying Leavitt's
23 motion as to Plaintiff's First and Eighth Amendment claims.  (ECF No. 62 at 16–17.)  Leavitt
24 objects to the recommendations pertaining to Plaintiff's First and Eighth Amendment claims only.
25 (ECF No. 64.)  The Court adopts in part and rejects in part the Findings and Recommendations
26 for the reasons stated herein.
27 / / /
28 / / /

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly (Twombly)*, 550 U.S. 544, 555 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn (Retail Clerks)*, 373 U.S. 746, 753 n.6 (1963); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. Thus, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant—unlawfully—harmed—me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

4

elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that Plaintiff "can prove facts that [he] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters (Associated Gen. Contractors)*, 459 U.S. 519, 526 (1983).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Mt. Hood Polaris, Inc. v. Martino (In re Gardner)*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (dismissal is proper if amendment is futile or the plaintiff had several opportunities to amend and repeatedly failed to cure the deficiencies). "[T]he court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended [his] complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

#### A. 42 U.S.C. § 1997, Sixth Amendment, and Fourteenth Amendment Claims

Neither party objected to the recommendation to dismiss Plaintiff's Sixth Amendment, Fourteenth Amendment, or 42 U.S.C. § 1997 claims, and the Court agrees with the magistrate judge's analysis. Further, the Court finds amendment would be futile as to these claims. *Doe*, 58 F.3d at 497. Accordingly, the Court adopts the findings and recommendations and Plaintiff's claims under 42 U.S.C. § 1997, the Sixth Amendment, and the Fourteenth Amendment are DISMISSED, without leave to amend.

#### B. Eighth Amendment Excessive Force Claim

Leavitt moved to dismiss Plaintiff's Eighth Amendment claim on the basis that Plaintiff

failed to name or mention Leavitt in connection with the alleged excessive force incident. (ECF No. 34-1 at 4.) The Findings and Recommendations, liberally construing the FAC in favor of Plaintiff, found Plaintiff's use of the phrase "conspired to <u>further</u> retaliate as well as conceal [Plaintiff's] assault" was meant to incorporate Leavitt into the use of force incident, even though Plaintiff did not specifically name Leavitt in his allegations describing the assault. (*See* ECF No. 62 at 8 (emphasis in Findings and Recommendations).) In objecting to the recommendation to deny his Motion to Dismiss, Leavitt argues Plaintiff specifically names the correctional officers who participated in the alleged excessive force incident (Munoz, Fong, Thompson, Williamson, and Calderon) and describes each officer's conduct during that incident, but the FAC is devoid of factual allegations that indicate Leavitt was present or participated in the incident in any way. (ECF No. 64 at 2.) The Court agrees with Leavitt.

To state a claim under § 1983, Plaintiff bears the burden of pleading that an official, "acting under color of state law, caused the deprivation of a federal right." 42 U.S.C. § 1983; *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). A person "causes" the deprivation of a federal right under § 1983 if he "does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, the statute requires that there be an actual connection or link between the actions of the defendants and the plaintiff's alleged deprivation. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Vague and conclusory allegations concerning an official's involvement in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the FAC fails to assert any allegations to establish Leavitt participated in the use of force incident. Plaintiff expressly identifies Munoz, Fong, Thompson, Williamson, and Calderon as the Defendants who participated in the use of force incident (ECF No. 10 at 7). Indeed, Plaintiff expressly identifies these five Defendants by name twice in his use of force allegations, and both times, Leavitt's name is glaringly absent. (*See id.*) Nor does the FAC include allegations that Leavitt left his position on the yard to join Plaintiff's escort, was present at the

6

1    sally port gate at the time of the alleged assault, or that he failed to intercede to prevent the other
2    officers from attacking Plaintiff and/or personally attacked Plaintiff.  *See Cunningham v. Gates*,
3    229 F.3d 1271, 1289–90 (9th Cir. 2000) (officers have a duty to intervene when fellow officers
4    violate the constitutional rights of a suspect or other citizen and may be held liable for failing to
5    intercede if they had an opportunity to do so); *see also Bruner v. Dunaway*, 684 F.2d 422, 426–27
6    (6th Cir. 1982) (officers who were not present at the time of the alleged assault could not be held
7    liable in § 1983 action for failure to intercede).  Despite recommending denial of Leavitt's
8    motion, the Findings and Recommendations concede the FAC does not specifically allege Leavitt
9    used any degree of force against Plaintiff.  (ECF No. 62 at 7.)

10   In his Opposition to the Motion, Plaintiff argues Leavitt joined the escort, was present
11   during the excessive force incident but failed to intervene, and also participated in the incident by
12   kicking and/or punching Plaintiff as he lay on the ground, restrained.  (ECF No. 57 at 2.)  Plaintiff
13   acknowledges these allegations are not in the FAC but argues the Court should nevertheless
14   consider them as "materials submitted as part of the complaint." (*Id.* at 3.)  The Court declines to
15   do so.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (a court may not consider new facts
16   provided in an opposition to a motion).  Moreover, Plaintiff's attempt to assert additional
17   allegations against Leavitt in his Opposition suggests that he recognizes the pleadings in his FAC
18   are deficient.

19   Finally, the Court declines to adopt the Findings and Recommendations' finding that
20   Plaintiff's use of the word "further" in the phrase "conspired to <u>further</u> retaliate [by filing a false
21   report]" (ECF No. 10 at 8) was meant to incorporate Leavitt into the use of force incident, where
22   Plaintiff specifically named other Defendants but not Leavitt in his allegations describing the use
23   of force incident.  (*See* ECF No. 62 at 8 (emphasis in Findings and Recommendations).)  First, a
24   fair reading of the FAC does not reveal whether this "further retaliation" refers back to the
25   humiliating escort on the yard (in which Plaintiff identifies Leavitt as a participant) or the
26   subsequent assault at the sally port gate (in which Plaintiff does not).  Second, Leavitt need not
27   have participated in the use of force incident to subsequently conspire with the other Defendants
28   to create a "false" report of the incident.  In sum, Plaintiff "has not nudged his [excessive force

7

claim against Leavitt] across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679–80 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.") (internal quotations omitted).

In sum, while Plaintiff's allegations are to be liberally construed, *Jenkins*, 395 U.S. at 421, the fact that Plaintiff specifically names the officers who participated in the use of force incident yet omits Leavitt's name is significant. Whether the omission was intended or not, the Court may not assume Plaintiff can prove facts which he has not alleged. *Associated Gen. Contractors*, 459 U.S. at 526. Therefore, Plaintiff fails to allege sufficient facts to state a cognizable Eighth Amendment excessive force claim against Leavitt and Leavitt's objections are sustained.

Accordingly, the Court rejects the Findings and Recommendations with respect to Plaintiff's Eighth Amendment claim, and GRANTS Leavitt's Motion to Dismiss. Because, however, it appears Plaintiff may cure his pleading defects, Plaintiff is granted leave to amend his Eighth Amendment excessive force claim as asserted against Leavitt. Fed. R. Civ. P. 15(a)(2); *Lopez*, 203 F.3d at 1130.

C.   First Amendment Retaliation Claim

As to Plaintiff's First Amendment claim, Plaintiff claims the escort incident, the use of force incident, and the false report incident were all acts of retaliation committed against him for having filed a prison grievance. (*See* ECF No. 62 at 11–12.) In general, Leavitt seeks dismissal on the basis that Plaintiff fails to implicate him specifically in his allegations. (ECF No. 34-1 at 5–6.) With respect to the false report incident, Leavitt argues Plaintiff's "alleged false statements … are not described with any specificity," and filing a "false report" does not amount to a constitutional violation as a matter of law. (*Id.*) The Findings and Recommendations found the pleadings sufficiently establish Plaintiff's prior prison grievance/s to be the basis of Defendants' retaliatory acts, and that Plaintiff's factual allegations sufficiently tied Leavitt to this conduct. (*See* ECF No. 62 at 11–13.) The Court adopts in part and rejects in part the Findings and Recommendations as follows.

/ / /

To prove a First Amendment retaliation claim, a plaintiff must establish: (1) an assertion that a state actor took some adverse action against an inmate; (2) because of; (3) that prisoner's protected conduct, and that action; (4) chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Moreover, a prisoner need not prove that the alleged retaliatory action, in itself, violated a constitutional right. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

In objecting to the recommendation to deny his Motion, Leavitt asserts the magistrate judge's analysis incorrectly relies on allegations Plaintiff made against other defendants, not Leavitt, and that the Findings and Recommendations do not identify the protected conduct in which Plaintiff engaged that prompted Leavitt's purported retaliation. (ECF No. 64 at 3.) Leavitt further objects that filing false reports for the purpose of covering up the misdeeds of another officer is not actionable conduct under the First Amendment. (*Id.*) The Court will address Leavitt's objections with respect to each alleged retaliatory incident.

### i.     Escort Incident

As to the escort incident, the Findings and Recommendations correctly note that parading Plaintiff across the prison yard in a semi-nude, objectively humiliating state for all to see, because Plaintiff filed a grievance about falling down stairs, served no legitimate correctional goal and constitutes a retaliatory act. (ECF No. 62 at 10–12; ECF No. 10 at 6–7.) The Findings and Recommendations also correctly note that filing a grievance constitutes protected conduct under the First Amendment (ECF No. 62 at 12), and Plaintiff identifies a prior grievance pertaining to an incident on August 27, 2014, as the protected conduct from which Defendants' retaliatory acts arose (ECF No. 10 at 6–7). *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes*, 408 F.3d at 567).

Moreover, the Defendants who "focused attention on Plaintiff's escort" also became participants in this act when they allegedly laughed "in agreement" at the statement made by Munoz, thus condoning the retaliatory escort rather than attempting to intervene to stop such behavior. (ECF No. 62 at 12; ECF No. 10 at 7); *see also Cunningham*, 229 F.3d at 1289–90.

Accepting all allegations of material fact as true "as well as all reasonable inferences to be drawn from them," *Retail Clerks*, 373 U.S. at 753 n.6, it is reasonable to infer that Williamson, Calderon, Thompson, Cervantes, Fuller, and Leavitt — the Defendants who Plaintiff identifies in paragraph 3 of the FAC as "respond[ing] with attention [to] the escort" (ECF No. 10 at 6–7) — are the same Defendants to whom Plaintiff refers in the very next paragraph (again, as the "Defendants who focused attention on Plaintiff's escort"), who laughed in agreement with Munoz's statement. (*Id.* at 7.) Therefore, to the extent Leavitt argues Plaintiff fails to sufficiently identify the protected conduct that is the basis of this retaliatory act or link Leavitt to this act (ECF No. 64 at 3), his objections are overruled.

Accordingly, the Court adopts the finding that Plaintiff has sufficiently alleged a First Amendment retaliation claim against Leavitt as to the escort incident and Leavitt's Motion to Dismiss is DENIED.

                ii.        Use of Force Incident

As to the use of force incident, the Court finds Plaintiff sufficiently alleges he was assaulted in retaliation for filing a prior grievance for the reasons discussed in the Findings and Recommendations. (*See* ECF No. 62 at 12.) However, because the Court has found Plaintiff fails to state an excessive force claim against Leavitt or otherwise establish Leavitt's participation in this incident, Plaintiff also fails to establish a retaliation claim against Leavitt as it is predicated on the excessive force claim. Accordingly, Leavitt's objections are sustained, and the Court rejects the Findings and Recommendations and GRANTS Leavitt's Motion to Dismiss with respect to Plaintiff's retaliatory use of force claim.

Nevertheless, the Court notes Plaintiff may sufficiently allege a retaliation claim against Leavitt if he files an amended complaint that cures the previously identified pleading defects in the underlying Eighth Amendment excessive force claim. Fed. R. Civ. P. 15(a)(2); *Lopez*, 203 F.3d at 1130. Accordingly, Plaintiff is granted leave to amend his First Amendment retaliation claim against Leavitt as to the use of force incident.

                iii.        Falsified Report

Leavitt objects that Plaintiff asserts no factual allegations as to a specific protected act or

what spurred retaliation on the part of Leavitt, and Plaintiff fails to identify what false statements were made. (ECF No. 64 at 3.) However, the Findings and Recommendations correctly found Plaintiff alleges a false incident report was filed against him in retaliation for filing a prior grievance. (*See* ECF No. 62 at 10–12); *see also Brodheim*, 584 F.3d at 1269; *Rhodes*, 408 F.3d at 567.

Specifically, the "protected act" was the August 27, 2014 prison grievance Plaintiff filed, which Munoz alluded to in his comment during the escort incident. (ECF No. 62 at 10; ECF No. 10 at 6–7.) As previously discussed, Leavitt was one of the correctional officers present during the escort who heard and expressed agreement with Munoz's statement, thus establishing Leavitt's personal retaliatory intent. (ECF No. 62 at 12; ECF No. 10 at 6–7.) It is clear from the pleadings that the use of force incident occurred immediately after the escort concluded, therefore the same retaliatory motive may be imputed to both retaliatory acts. Moreover, since the subsequent report pertains to this same use of force incident and Plaintiff alleges Defendants "conspired to <u>further</u> retaliate … by filing false peace officer reports charging Plaintiff with a bogus assault against Defendant Munoz" (*see* ECF No. 10 at 8 (emphasis added)), it is reasonable to infer that the incidents are temporally linked and the same retaliatory motive for the escort incident may be imputed to the falsified report. *Retail Clerks*, 373 U.S. at 753 n.6. Finally, because Plaintiff expressly identifies Leavitt as a participant in both the escort and the falsified report, he has sufficiently established Leavitt's personal involvement and retaliatory motive with respect to the falsified report. (*See* ECF No. 10 at 8.) Leavitt's objections that no protected conduct was identified and that he was not sufficiently linked to Plaintiff's falsified report claim (ECF No. 64 at 3) are therefore overruled.

With respect to Leavitt's objection that Plaintiff fails to identify what false remarks were made in the report (*see id.*), Leavitt fails to identify any legal authority requiring such specificity in the pleadings. Rather, the Court finds Plaintiff's contention that he did not assault Munoz, but that Leavitt's report indicates that he did, is sufficient to allege Leavitt filed a false report of the incident for purposes of the retaliation analysis. Accordingly, this objection is overruled.

///

Finally, the Court turns to Leavitt's objection that the filing of false reports for the purpose of covering up misdeeds is not actionable conduct under the First Amendment. (ECF No. 64 at 3.) The Court agrees that such allegations fail to state a claim. *See Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), *aff'd without opinion*, 168 F.3d 498 (9th Cir. 1999). So did the Findings and Recommendations. (ECF No. 62 at 12 fn.5.) To this extent, Leavitt's objection is sustained. However, to the extent Leavitt seeks to argue that filing false reports is *never* actionable conduct in a § 1983 action, his objection is contrary to legal authority and therefore overruled.[2]

Construed in the light most favorable to Plaintiff, the Court finds Plaintiff's allegations sufficiently show Defendants' motivation for filing the false report was not just to protect themselves from liability for the excessive force incident, but to achieve the "subsequent finding of guilt" against Plaintiff and resulting loss of privileges for retaliation purposes. (ECF No. 10 at 8); *compare Ragsdale v. Flores*, No. CV-14-08075-ODW (GJS), 2015 WL 6164908, *6, 8 (C.D. Cal. Sept. 11, 2015) (dismissing retaliation claim based on allegations showing the defendants prepared false incident report to cover up excessive force incident and not for the purpose of chilling the plaintiff's exercise of his First Amendment right or any other protected conduct). The Court therefore rejects Leavitt's characterization of the claim as solely a "cover up" and objection that Plaintiff has not "[pled] sufficient facts to make plausible a claim that the defendants' actions were motivated by a desire to retaliate for his exercise of a constitutional right" (ECF No. 64 at 3). Accordingly, the Court adopts the Findings and Recommendations to DENY Leavitt's Motion to Dismiss Plaintiff's retaliation claim with respect to the falsified report.

---

[2] *See, e.g., Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner need not prove that the alleged retaliatory action, in itself, violated a constitutional right); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (filing a false disciplinary report in retaliation for a grievance filed by an inmate is actionable under § 1983); *Pratt v. Rowland*, 769 F. Supp. 1128, 1134 (N.D. Cal. 1991) (collecting cases); *Perryman v. Newsom*, No. 2:19-cv-00071-CKD-P, 2019 WL 2369880, *3 (E.D. Cal. Jun. 5, 2019); *Hill v. Kernan*, No. 2:16-cv-03020-KJN-P, 2017 WL 2619128, *5 (E.D. Cal. Jun. 16, 2017); *Kabede v. Director's Level Chief of Inmate Appeals*, No. 2:15-cv-01203-AC-P, 2016 WL 8731330, *3 (E.D. Cal. Apr. 29, 2016).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed on March 25, 2019 (ECF No. 62), are adopted in part and rejected in part as follows:

2. Defendant Leavitt's Motion to Dismiss (ECF No. 34) is GRANTED IN PART and DENIED IN PART as follows:

    (a)  GRANTED without leave to amend as to Plaintiff's Sixth Amendment, Fourteenth Amendment, and 42 U.S.C. § 1997 claims;

    (b)  GRANTED with leave to amend as to Plaintiff's Eighth Amendment excessive force claim;

    (c)  DENIED as to Plaintiff's First Amendment retaliation claim pertaining to the escort incident;

    (d)  GRANTED with leave to amend as to Plaintiff's First Amendment retaliation claim pertaining to the use of force incident; and

    (e)  DENIED as to Plaintiff's First Amendment retaliation claim pertaining to the falsified report.

3. Should Plaintiff wish to file an amended complaint, such complaint must be filed within thirty days of the electronic filing of this Order, and any amendment is limited to Plaintiff's First and Eighth Amendment claims against Defendant Leavitt, consistent with this Order.

IT IS SO ORDERED.

DATED:  June 5, 2020

                                        Troy L. Nunley
                                        United States District Judge