UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRADY HARRIS,

    Plaintiff,

v.

JEFF MACOMBER, et al.,

    Defendants.

No. 2:16-cv-0830 TLN DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his Eighth and First Amendment rights. In this order the court will address several issues associated with this action and screen the second amended complaint.

## BACKGROUND

This action has been proceeding on plaintiff's First Amended Complaint (FAC) against defendant correctional officers Rose, Munoz, Fong, Williamson, Calderon, Thompson, Cervantes, Fuller, and Leavitt. Defendants Rose, Munoz, Fong, Williamson, Calderon, Thompson, Cervantes, and Fuller are represented by the Office of the Attorney General and defendant Leavitt is represented by private counsel.

By order dated June 8, 2020, the District Judge assigned to this action granted in part and denied in part defendant Leavitt's motion to dismiss. (ECF No. 86.) Plaintiff was given leave to

file an amended complaint. Amendment was limited to plaintiff's First and Eighth Amendment claims against defendant Leavitt. (Id. at 13.) Plaintiff did not file an amended complaint within thirty days. Defendant Leavitt moved for dismissal based on plaintiff's failure to file an amended complaint. (ECF No. 90.) Thereafter, plaintiff filed the Second Amended Complaint (SAC). (ECF No. 96.)

The undersigned recommended that defendant Leavitt's motion to dismiss be denied as moot. (ECF No. 100.) In plaintiff's objections to those findings and recommendations plaintiff stated that his SAC was not timely filed because the prison failed to forward the SAC to the court. (ECF No. 102 at 2.) When he realized this, he resubmitted the SAC. (Id.) By order dated May 3, 2021, the district court adopted the findings and recommendations denying Leavitt's motion to dismiss. (ECF No 105.) Accordingly, the SAC is now the operative complaint and the court will screen the SAC below.

## MOTION FOR SUMMARY JUDGMENT

The defendants represented by the Office of the Attorney General have filed a motion for summary judgement. (ECF No. 81.) Because plaintiff has filed the SAC (ECF No. 96), the First Amended Complaint (FAC) (ECF No. 10) is no longer the operative complaint. The court cannot rule on the pending summary judgment motion based on a complaint that is no longer operative. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (finding motion to dismiss based on complaint that was no longer operative should have been deemed moot). Accordingly, the court will deny the motion without prejudice to its renewal.

The court notes that Defendants Calderon, Cervantes, Fong, Fuller, Munoz, Rose, Thompson, and Williamson argued that the court should grant summary judgment because video evidence shows that they did not violate plaintiff's rights under the Eighth Amendment. However, neither the video lodged with the motion nor the memorandum of points and authorities address plaintiff's allegation that officers paraded him across the yard shirtless, handcuffed, and with his pants down. Any renewed motion for summary judgment should address that aspect of plaintiff's Eighth Amendment claim.

////

**SECOND AMENDED COMPLAINT**

I. **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Second Amended Complaint**

Plaintiff alleges the events giving rise to the claim occurred while he was incarcerated at California State Prison, Sacramento (CSP-SAC). (ECF No. 96 at 1.) Plaintiff states that on November 21, 2014 he was preparing to go to the yard when an officer told him to pull up his boxers. (Id. at 3.) The officer also made an inappropriate comment about the size of plaintiff's buttocks in front of other inmates and staff. Plaintiff complied with officer's orders and handed over his clothes and cane to Munoz and Fong so that he could be searched. While getting dressed Munoz told plaintiff to pull up his boxers followed by another rude comment. Plaintiff responded using "foul language."

4

Munoz ordered plaintiff to turn around to be handcuffed and plaintiff complied. Munoz and Fong began escorting plaintiff on the yard shirtless, hands cuffed behind him, and without his cane. Plaintiff asked for his cane as his pants and boxers began to fall down below his thighs. Williamson, Calderon, Thompson, Fuller, Rose, Leavitt, and Valasquez joined the escort. Plaintiff asked if the defendants could pull up his pants and boxers. Plaintiff also asked if officers could slow down the escort because he was having difficulty walking without his cane, with his hands behind his back, and with his pants below his knees. (Id. at 3-4.) Leavitt and the other officers and inmates on the yard laughed as plaintiff's genitals and buttocks were exposed. (Id. at 4.)

Near the gym, Munoz responded to plaintiff's request to slow down and pull up his pants by stating, "So what! You should have thought about that before you started filing 602's[1] against people for falling down the stairs and running your mouth."

As the escort proceeded, plaintiff's movement became more difficult. Plaintiff states that the way he had to walk made it appear that he was shuffling his feet or delaying the escort. Once plaintiff came into view of the C-Facility Sallyport camera Fong pulled plaintiff's pants and boxers up. Munoz, Fong, Calderon, Thompson, and Williamson pushed plaintiff to the ground for no reason. (Id.) Defendants punched, kicked, or kneed plaintiff. (Id. at 4-5.) Leavitt, Rose, and Cervantes were present during the escort while the other five officers used force against plaintiff. (Id. at 5.) Plaintiff states he complied with defendants' orders throughout the incident.

Plaintiff alleges defendants Rose, Munoz, Fong, Williamson, Calderon, Thompson, Cervantes, Fuller, and Leavitt filed false reports to further retaliate against him.

**III. Does the Complaint State a § 1983 Claim?**

At the outset, the court notes that plaintiff filed the SAC in response to the district court's order adopting in part and rejecting in part defendant Leavitt's motion to dismiss. (ECF No. 86.) Thus, the only defendant identified on page one of the complaint is defendant Leavitt. (ECF No.

---

[1] At the relevant time, the California Department of Corrections and Rehabilitation's administrative grievance process was initiated by submission of a CDC Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3048.2(a) (repealed June 1, 2020).

5

96 at 1.) However, plaintiff has identified the defendants represented by the Office of the Attorney General in the body of the complaint. Additionally, because an amended supersedes any prior complaint the SAC is now the operative complaint in this action. Ramirez, 806 F.3d at 1008. Accordingly, the court will screen the complaint as to all the defendants identified in the complaint rather than only as to defendant Leavitt.

**A. Retaliation in Violation of the First Amendment**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff has alleged that Munoz referenced a previous grievance plaintiff filed while he was pulling plaintiff across the yard. (ECF No. 96 at 4.) Additionally, Fong, Williamson, Calderon, Thompson, Fuller, Rose, Leavitt, and Valasquez were present when Munoz made the statement. Plaintiff has alleged that the officers took adverse action against him, pulling him across the yard with his pants down, pushing him down, and filing false reports. Plaintiff has further alleged that one of the defendants stated, with the others present, that he was taking adverse action against plaintiff because plaintiff engaged in protected activity, filing a grievance. Liberally construed, such allegations are sufficient to state a potentially cognizable First Amendment claim against defendants Munoz, Fong, Williamson, Calderon, Thompson, Fuller, Rose, Leavitt, and Velasquez.

**B. Excessive Force and Failure to Protect**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

For claims arising out of the use of excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curium) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). The objective component of an Eighth Amendment claims is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted).

Plaintiff has alleged that Munoz and Fong dragged him across the yard with his pants around his ankles while Williamson, Calderon, Thompson, Fuller, Rose, Leavitt, and Valasquez were present. (ECF No. 96 at 4.) Such allegations are sufficient to state an Eighth Amendment claim against defendants Munoz, Fong, Williamson, Calderon, Thompson, Fuller, Rose, Leavitt, and Valasquez. See Thompson v. California, No. 1:07-1299 LJO GSA (PC), 2009 WL 62140 at *6 (E.D. Cal. Jan. 8, 2009) (finding plaintiff's allegation that officers dragged him across the yard

causing his pants and underwear to fall off before throwing him to the ground stated a cognizable Eighth Amendment claim).

Plaintiff has also alleged Munoz, Fong, Calderon, Thompson, and Williamson pushed him to the ground where he was punched, kicked, and/or kneed. (ECF No. 96 at 4-5.) Plaintiff further alleged that Leavitt, Rose, and Cervantes were present while this occurred and did not intervene. Plaintiff states he complied with officers' orders throughout the incident. Plaintiff has alleged officers used force even though he was complying with their orders. Such allegations are sufficient to state an excessive force claim against Munoz, Fong, Calderon, Thompson, and Williamson and a failure to protect claim against officers Leavitt, Rose, and Cervantes.

**C. Due Process**

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought.

A state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484). A plaintiff must assert a dramatic departure from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485-86; Keenan, 83 F.3d at 1088-89.

Plaintiff claims defendants violated his rights by fabricating evidence used against him during the disciplinary proceedings brought against him. (ECF No. 96 at 5-6.) However, inmates have no constitutional right to be free from false accusations. See generally Freeman v. Rideout, 808 F.2d 949, 950-52 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.").

An inmate can state a cognizable claim arising from a false disciplinary report if the false report was done in retaliation for the exercise of his constitutional rights or if the inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings as provided in Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).[2] See Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (finding that an allegation that a prison guard planted false evidence which implicated an inmate in a disciplinary infraction failed to state a claim for which relief can be granted where procedural due process protections are provided); Brown v. Leyva, 2009 WL 129879, *3 (E.D. Cal. Jan. 20, 2009) (prisoner failed to state cognizable due process or retaliation claim based on allegedly false charges and reports); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D. Cal. Jan. 8, 2009) (inmate's allegations that defendants conspired to fabricate a false criminal offense that resulted in his re-housing in administrative segregation failed to state a cognizable retaliation or due process claim).

Plaintiff has alleged that defendants filed false reports of the incident, to conceal what actually took place and alleging that plaintiff committed an assault on defendant Munoz. (ECF No. 96 at 5.) He further alleges that he was later found guilty of assault following a disciplinary hearing. (ECF No. 96 at 6.) However, he has not alleged facts that would show he did not receive due process during the hearing process.[3]

Plaintiff's allegation that officers filed false reports may support his allegation that officers took adverse action against him in retaliation for a prior exercise of his First Amendment rights. However, he has not alleged facts sufficient to support a separate due process violation.

---

[2] In Wolff the Supreme Court outlined the following due process requirements for prison disciplinary hearings: (1) advance, written notice of violation; (2) provision of at least 24 hours to prepare for committee appearance; (3) written statement of fact-finding; (4) the right to present witnesses and evidence where it would not be unduly hazardous to institutional safety; (5) an impartial decision-making body, and (6) assistance if inmate is illiterate or if issues are complex. Wolff, 418 U.S. at 564-70; see generally Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984).

[3] Plaintiff has alleged he was found guilty even though he filed a grievance challenging the guilty finding. However, such a conclusory statement is insufficient to show that his due process rights were violated during the disciplinary hearing process.

1 | The court will recommend that plaintiff's due process claim be dismissed without leave to
2 | amend. The district court's order on defendant Leavitt's motion to dismiss found that plaintiff's
3 | Fourteenth Amendment due process claims should be dismissed without leave to amend. (ECF
4 | No. 86 at 5, 13.) Additionally, plaintiff has had several opportunities to amend and has failed to
5 | allege a cognizable due process claim. Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981,
6 | 988, 1007 (9th Cir. 2009). Thus, further amendment would likely be futile.

**REQUEST FOR DISCOVERY**

Plaintiff has filed a motion seeking further discovery. (ECF No. 101.) Plaintiff states he has recently learned that defendant Fong has been suspended or demoted from his position as a member of the Investigative Services Unit (ISU) for disciplinary reasons. (ECF No. 101 at 3.) He also learned of a recent federal court ruling indicating that the California Department of Corrections and Rehabilitation has engaged in a pattern of misusing confidential information during the disciplinary hearing process. He argues that this information warrants modification of the discovery and scheduling order so that he may conduct additional discovery related to defendant Fong.

Defendants have filed an opposition. (ECF No. 104.) They argue that plaintiff has not shown good cause to modify the discovery and scheduling order and plaintiff's arguments do not relate to the events giving rise to his claim.

Pursuant to the November 27, 2017 Discovery and Scheduling Order (DSO),[4] discovery closed on October 25, 2019. Because the discovery deadline has ended, plaintiff is required to show good cause in order to justify modification of the discovery and scheduling order. Fed. R. Civ. P. 16(b)(4). As set forth above, the SAC does not state a due process claim. Plaintiff's request for discovery is related to his allegation that false reports were used during the disciplinary hearing process. The court finds good cause does not exist to reopen discovery as to a claim that the court is recommending be dismissed without leave to amend. Accordingly, the court will deny plaintiff's request for further discovery.

---

[4] The discovery deadline has been modified several times since the DSO was issued. (See ECF Nos. 33, 36, 48, 66.)

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The SAC states a cognizable:

    a. retaliation claim against defendants Munoz, Fong, Williamson, Calderon, Thompson, Fuller, Rose, Leavitt, and Velasquez;

    b. excessive force claim against defendants Munoz, Fong, Calderon, Thompson, and Williamson; and

    c. failure to protect claim against defendants Leavitt, Rose, and Cervantes.

2. Defendant Leavitt shall file an answer within thirty days of the date of this order.

3. The remaining defendants may file an amended answer within thirty days of the date of this order.

4. Defendant's motion for summary judgment (ECF No. 81) is denied without prejudice to its renewal.

5. Plaintiff's motion for discovery (ECF No. 101) is denied.

IT IS HEREBY RECOMMENDED that that plaintiff's due process claim be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 9, 2021

DLB:12
DB/DB Prisoner Inbox/Civil Rights/S/harr0830.clean

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

11