UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS, | No. 2:16-cv-0830 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se with an action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his Eighth and First Amendment rights. Presently before the court is plaintiff's motion to compel. (ECF No. 117.) For the reasons set forth below, the court will deny the motion to compel as untimely.

**I.     Background**

This action was initially proceeding on plaintiff's First Amended Complaint against defendant correctional officers Rose, Munoz, Fong, Williamson, Calderon, Thompson, Cervantes, Fuller, and Leavitt. On June 8, 2020, the District Judge assigned to this action granted in part and denied in part defendant Leavitt's motion to dismiss. (ECF No. 86.) Plaintiff was given leave to file an amended complaint. After plaintiff filed the Second Amended Complaint (SAC), the court issued an amended discovery and scheduling order. (ECF No. 113.)

////

The August 5, 2021, amended Discovery and Scheduling Order ("DSO") stated that discovery was reopened only as to defendant Leavitt. (Id. at 5 ¶ 6.) The DSO further stated that the parties could conduct discovery as to defendant Leavitt until October 8, 2021, and any motions necessary to compel discovery shall be filed by that date. The order specified that discovery requests were to be served thirty days prior to the October 8, 2021, discovery deadline. (Id.)

Plaintiff filed the instant motion to compel on January 28, 2022.[1] (ECF No. 117.) Defendant Leavitt has filed an opposition. (ECF No. 124.)

## II.  Plaintiff's Motion

Plaintiff seeks an order compelling the defendants to answer interrogatories and produce documents. (ECF No. 117.) Plaintiff states he submitted interrogatories along with a set of requests for admission "around November 18, September 21, 2021, and January 19, 2022," but the "answers were not efficient." (Id. at 1.) Plaintiff has not indicated why he feels the responses should be supplemented.

Plaintiff requests an order pursuant to Rule 37(a) compelling defendant J. Macomber and or California Department of Corrections and Rehabilitation to produce documents attached to the motion. Plaintiff states he submitted a request for these documents "on or around the same dates stated above," but did not receive an answer. (Id. at 2.) He also seeks $5,000.00 as reasonable expenses in obtaining this order. Plaintiff has attached a copy of his requests as exhibits to the motion. (Id. at 4-18.)

## III.  Defendant Leavitt's Opposition

In the opposition, Leavitt argues the motion is untimely and the responses to plaintiff's requests for admission were appropriate. (ECF No. 124 at 2.) In a declaration attached to the opposition, counsel for Leavitt states that he sent responses to plaintiff's requests for admission, set one and requests for production, set one with mailing dates of September 18 and 26. (ECF No.

---

[1] Pursuant to the prison mailbox rule, a document is deemed served on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

124-1 at 1.) Counsel further states he received correspondence from plaintiff dated December 6, 2021, regarding responses to request for admission, set one and the lack of responses to interrogatories. (Id. at 1-2.) Counsel sent a letter to plaintiff addressing the dispute and informing plaintiff he did not receive the interrogatories referenced in plaintiff's letter. (Id. at 10-11.)

Thereafter, counsel received a set of interrogatories directed toward each of the individual defendants dated November 18, 2021. (Id. at 2.) Counsel received another set of interrogatories on January 24, 2022. (Id.) Counsel states these items were sent after the discovery cutoff set by the DSO.

### IV.     Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule

////

of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirement of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).  Specifically, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action.  McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02

### V.     Analysis

Plaintiff acknowledges that the disputed discovery requests were served on defendants after the deadline set forth in the DSO.  He specifically states that he served requests on September 21, 2021, November 18, 2021, and January 19, 2022.  (ECF No. 117 at 1.)  The deadline for submitting requests was thirty days prior to October 8, 2021.  (ECF No. 113 at 5.)  Thus, defendants were not required to respond.  See Choyce v. Radasa, No. 2:20-cv-0608 KJN P, 2021 WL 2383029, at *2 (E.D. Cal. June 10, 2021) ("Because plaintiff's discovery requests were untimely propounded, defendant was not required to respond . . . .").

Additionally, plaintiff's motion to compel was filed on January 28, 2022, nearly four months after the deadline for filing such motions.  (ECF No. 117 at 2, 19.)  Plaintiff has not provided any explanation for the delay and the docket does not indicate that plaintiff sought an extension of time to conduct discovery or file a motion to compel.  Accordingly, plaintiff's motion to compel will be denied as untimely.  See Womack v. Windsor, No. 2:15-cv-0533 MCE KJN P, 2017 WL 1155083 at *2 (E.D. Cal. Mar. 27, 2017) (denying motion to compel because both the motion and underlying discovery requests were untimely).

////

Federal Rule of Civil Procedure 16(b)(4) provides that, "[a] schedule may be modified only for good cause and with the judge's consent." Federal Rule of Civil Procedure 16's "'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

The court will not consider any motion to compel unless plaintiff can show good cause for the delay in requesting discovery and in filing the motion to compel. Thomas v. Kuo, No. 1:16-cv-0524 DAD EPG (PC), 2018 WL 4786923 at *3 (E.D. Cal. Oct. 3, 2018) (requiring plaintiff to show good cause for both reopening discovery and for filing an untimely motion to compel). Any renewed motion should explain the cause for the delay and show plaintiff acted diligently.

### VI. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 117) is denied as untimely.

Dated: April 4, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/harr0830.mtc