1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GRADY HARRIS,                              No.  2:16-cv-0830 TLN DB P

12                  Plaintiff,

13          v.                                  ORDER

14   JEFF MACOMBER, et al.,

15                  Defendants.

16

17          Plaintiff is a state inmate proceeding pro se with an action pursuant to 42 U.S.C. § 1983.

18   Plaintiff claims that defendants violated his Eighth and First Amendment rights.  Presently before

19   the court is plaintiff's motion for reconsideration.  (ECF No. 130.)  For the reasons set forth

20   below, the court will deny the motion.

21   **I.      Background**

22          This action was proceeding on plaintiff's First Amended Complaint against defendant

23   correctional officers Rose, Munoz, Fong, Williamson, Calderon, Thompson, Cervantes, Fuller,

24   and Leavitt.  On June 8, 2020, the District Judge assigned to this action granted in part and denied

25   in part defendant Leavitt's motion to dismiss.  (ECF No. 86.)  Plaintiff was given leave to file an

26   amended complaint.  After plaintiff filed the Second Amended Complaint (SAC), the court issued

27   an amended discovery and scheduling order.  (ECF No. 113.)

28   ////

The August 5, 2021, amended Discovery and Scheduling Order ("DSO") stated that discovery was reopened only as to defendant Leavitt. (Id. at 5 ¶ 6.) The DSO further stated that the parties could conduct discovery as to defendant Leavitt until October 8, 2021, and any motions necessary to compel discovery were to be filed by that date. The order specified that discovery requests were to be served thirty days prior to the October 8, 2021, discovery deadline. (Id.)

Plaintiff filed a motion to compel on January 28, 2022.[1] (ECF No. 117.) Defendant Leavitt opposed the motion. (ECF No. 124.) The undersigned denied plaintiff's motion to compel as untimely. (ECF No. 128.) Thereafter, plaintiff filed the instant motion for reconsideration. (ECF No. 130.) Defendant Leavitt has filed an opposition to the motion. (ECF No. 131.) Because the order denying plaintiff's motion to compel indicated that plaintiff could file a renewed motion and thereafter, plaintiff filed the instant motion seeking the same relief, the court will construe plaintiff's motion as a renewed motion to compel in addition to construing it as a motion for reconsideration. However, as set forth below, the motion should be denied under both standards.

## II.    Plaintiff's Motion

Plaintiff seeks reconsideration of the undersigned's denial of his motion to compel. (ECF No. 130.) In a declaration attached to the motion, plaintiff states that he gave discovery requests to prison officials for mailing on September 6, 2021. (ECF No. 130 at 45.) He received the copies on September 18, 2021. He sent copies to counsel for defendant Leavitt as well as counsel for the remaining defendants. He received copies of his second set of discovery requests on November 13, 2021. (Id. at 45-46.)

He states he "resent the second copy of discovery documents" to defendants on November 18, 2021. He received a response containing their objections. Plaintiff states he sent a letter on December 8, 2021, regarding their failure to sufficiently respond to plaintiff's discovery requests.

---

[1] Pursuant to the prison mailbox rule, a document is deemed served on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

1   Counsel's letter in response, attached as an exhibit to plaintiff's motion, is dated December 21,

2   2021. (ECF No. 130 at 22-23.) Plaintiff's original motion to compel is dated January 28, 2022.

3   (ECF No. 117 at 2.)

4        Plaintiff has explained the delay in submitting discovery requests and moving to compel

5   further responses to his requests by arguing that it takes time for prison officials to process his

6   mail and the pandemic has made that even more difficult. (ECF No. 130 at 3-4.) He further

7   argues that Leavitt should be compelled to respond to his discovery requests because the

8   responses provided were insufficient and the evidence requested is important to prove his case.

9   (Id. at 7-11.)

10   **III.    Defendant Leavitt's Opposition**

11        Defendant argues that plaintiff has not shown any new facts to warrant reconsideration of

12   the court's prior ruling and he has failed to show good cause as instructed in the court's prior

13   order. (ECF No. 131.)

14   **IV.    Discussion**

15        **A. Motion to Modify Scheduling Order**

16            **1.   Legal Standards**

17        Federal Rule of Civil Procedure 16(b)(4) provides that, "[a] schedule may be modified

18   only for good cause and with the judge's consent." Federal Rule of Civil Procedure 16's "'good

19   cause' standard primarily considers the diligence of the party seeking amendment." Johnson v.

20   Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

21            **2.   Analysis**

22        Plaintiff has failed to show good cause for the delay in seeking to compel further

23   responses to his discovery requests, seeking additional time to conduct discovery, or filing a

24   motion to compel. In support of his argument, he has alleged that sending and receiving mail

25   while in the custody of the California Department of Corrections and Rehabilitation ("CDCR")

26   takes additional time and the pandemic has made things worse. However, plaintiff has stated that

27   mail issues have been a problem throughout litigation of this action. (ECF No. 130 at 3.) The

28   arguments put forth in his motion fail to show that he acted diligently in seeking to compel further

3

1  responses from defendant Leavitt.  The court is sympathetic to the difficulties inherent in

2  litigating a claim while incarcerated.  However, plaintiff has failed to explain why, in light of the

3  delays in obtaining copies and mailing documents, he did not request an extension of time to

4  submit discovery requests or file a motion to compel at any point before the deadline set forth in

5  the discovery and scheduling order.

6       The court's prior order advised plaintiff that he must show good cause to warrant

7  modification of the scheduling order to allow him to seek discovery.  The order further stated that

8  to determine whether a party had shown good cause the court primarily considers the diligence of

9  the party seeking the modification.  Plaintiff's sole argument in the renewed motion is that the

10  delay is attributable to prison mail delays.  However, he has failed to explain why he did not

11  request additional time and did not file a motion to compel until several months after the deadline

12  expired.  Accordingly, the court finds the renewed motion fails to show good cause sufficient to

13  warrant reopening discovery.

14          **B.  Motion to Compel**

15             **1.  Legal Standards**

16       Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery

17  regarding any non-privileged matter that is relevant to any party's claim or defense and

18  proportional to the needs of the case, considering the importance of the issues at stake in the

19  action, the amount in controversy, the parties' relative access to relevant information, the parties'

20  resources, the importance of the discovery in resolving the issues, and whether the burden or

21  expense of the proposed discovery outweighs its likely benefit.  Information within the scope of

22  discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

23       In response to a request for production of documents under Rule 34, a party is to produce

24  all relevant documents in its "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  The

25  purpose of discovery is to "remove surprise from trial preparation so the parties can obtain

26  evidence necessary to evaluate and resolve their dispute."  United States v. Chapman Univ., 245

27  F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).

28  ////

4

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirement of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).  Specifically, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

### 2. Analysis

The prior order also advised that a party seeking to compel discovery must inform the court "which discovery requests are the subject of the motion to compel, which responses are disputed, why the responses are deficient, why the objections are not justified, and why the information is relevant. (ECF No. 128 at 4.)  Plaintiff has alleged all of the responses received were inadequate and made clear that he disagrees with the objections raised.  (ECF No. 130 at 4, 7-8.)  However, plaintiff's disagreement is not sufficient to show that the objections should be overruled. Johnson v. Cate, No. 1:10–cv–02348–LJO–MJS,  2014 WL 4249141, at *6 (E.D. Cal. Aug. 27, 2014) (A mere disagreement with the responding party's responses is not a basis for objection.).  The renewed motion to compel should also be denied on the merits.

### C. Reconsideration

#### 1. Legal Standards

Under Federal Rule of Civil Procedure 60, reconsideration is appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (1993). Additionally, the local rules state that a motion for reconsideration must demonstrate: "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. R. 230(j)(3), (4).

#### 2. Analysis

To the extent plaintiff seeks reconsideration of the court's denial of his motion to compel, he fails to show any change of law or new information sufficient to warrant a change in the ruling. Plaintiff's motion largely reiterates the arguments contained in his motion to compel. He has also stated that he failed to timely file his motion to compel because of prison mail delays exacerbated by the COVID-19 pandemic. Such arguments fail to show a change in the law or new evidence sufficient to warrant reconsideration.

Plaintiff failed to timely file a motion to compel or seek additional time to file a motion to compel. He acknowledges in his motion that he was aware of prison mail delays well before submitting discovery requests to defendants. However, he makes no attempt to explain why he failed to present this argument earlier. Thus, his motion fails to present an argument that would support reconsideration of the prior order denying his motion to compel.

### V.    Opposition to Motion for Summary Judgment

Defendants have filed motions for summary judgment. (ECF Nos. 118, 121.) Plaintiff is advised that his opposition to such motions is overdue. Plaintiff shall file an opposition or statement of non-opposition to defendants' motions within thirty days of the date of this order.

////

////

6

**VI.     Conclusion**

          For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion for

reconsideration (ECF No. 130) is denied.

 Dated: June 30, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/harr0830.renewed.mtc

7