UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS, | No. 2:16-cv-0830 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's motion to appoint counsel. (ECF No. 134.)

In support of his motion to appoint counsel plaintiff argues that his imprisonment limits his ability to litigate, the issues are complex, he has limited access to the law library, he failed to effectively participate in the discovery process, trial will involve conflicting testimony, and he has tried to obtain a lawyer. (Id. at 1-2.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

While the court is sympathetic to the inherent difficulties in litigating a case while incarcerated, the arguments raised in support of plaintiff's motion are largely circumstances common to most inmates.  Throughout this litigation plaintiff has shown he is able to articulate his claims pro se in light of the complexity involved.  Therefore, the undersigned will deny the motion to appoint counsel without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 134) is denied without prejudice.

Dated:  October 4, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/harr0830.31(3)