UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS,<br><br>            Plaintiff,<br><br>      v.<br><br>J. MUNOZ, et al.,<br><br>            Defendants. | No.  2:16-cv-0830 TLN DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. On September 30, 2022, defendants' motions for summary judgment were granted in part and denied in part. (ECF Nos. 144, 145.) This case is now proceeding on plaintiff's excessive force claims against defendants Munoz, Fong, and Williamson and on plaintiff's failure to protect and excessive force claims against defendant Leavitt. On March 28, 2023, this court issued a further scheduling order. (ECF No. 156.) In that order, this court set deadlines for the parties to file pretrial statements. Plaintiff's statement is due May 12.

Plaintiff has filed motions seeking the appointment of counsel and a pretrial scheduling conference. (ECF Nos. 157, 158.) It appears that plaintiff had not received a copy of the court's March 28 further scheduling order at the time he mailed those motions to the court. The order does not contemplate holding a pretrial conference and it should provide plaintiff with

////

1

information addressing some of his concerns.  Plaintiff's request for a pretrial conference will be denied.

Plaintiff argues he is entitled to the appointment of counsel for a number of reasons, including:  (1) he is unable to afford counsel and attorneys he contacted declined to represent him; (2) the issues in the case are complex, particularly because there are ten defendants and some are supervisors; (3) plaintiff lacks the resources and understanding to prepare a pretrial statement and prepare for trial; (4) plaintiff will have great difficulty locating witnesses, contacting them, and subpoenaing them for trial; (5) plaintiff only has library access one hour a week; (6) trial will be by jury; and (7) there is a great likelihood plaintiff will succeed on the merits.

As plaintiff has been informed in prior orders, plaintiff has no right to counsel in this action.  The court considers requesting the voluntary assistance of counsel only in certain exceptional circumstances.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff's circumstances are not extraordinary.  He faces the same hurdles faced by almost all indigent prisoners whose cases are heading to trial.  And, plaintiff has demonstrated that he is quite able to litigate this action.  Plaintiff has articulated and pursued his claims with some skill.  The issues for trial are not complex – as plaintiff points out, evidence at trial will essentially involve a factual dispute about what occurred when plaintiff contends he was subjected to excessive force.  Further, some of plaintiff's reasons are based on incorrect facts.  This case is proceeding to trial against four defendants, not ten.  Each of those four defendants was a correctional officer so there is no issue of supervisory liability.  (See ECF Nos. 118-7, 118-8, 118-13, 121-4.)

////

This court recognizes that plaintiff may have a particularly difficult time finding and communicating with potential witnesses. The incident occurred in 2014. Plaintiff has since been transferred and it is possible inmate witnesses have as well. Some of those witnesses may have been released. If plaintiff provides the court with the witnesses' names, the court will order defendants' counsel to determine their incarceration status. For any incarcerated witnesses, defendants' counsel shall provide their place of incarceration. To the extent any witnesses have been released from prison, plaintiff should look to other resources such as investigators, friends, or family to attempt to obtain contact information for those witnesses.

This court expects that plaintiff will be permitted to communicate with the inmate witnesses. However, defendants will be given an opportunity to raise any objections to such communication. Defendants should note that any such objections must be supported by a showing of significant risk to prison security or other similarly serious risk.

This court recognizes that communicating with inmate witnesses may be time-consuming. If plaintiff requires additional time to complete the pretrial statement, he may seek a limited extension of the deadline. That said, this court expects plaintiff to be diligent in locating and communicating with any witnesses.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel (ECF No. 157) is denied.

2. Plaintiff's motion for a pretrial conference (ECF No. 158) is denied.

3. If plaintiff wants assistance in locating inmate witnesses, within ten days he shall file a statement with the names of witnesses. Within ten days after plaintiff files his statement, defendants shall file a document explaining the incarceration status of each witness and listing the place of incarceration for any incarcerated witnesses. In addition, if defendants have any objections to plaintiff's right to communicate with those incarcerated witnesses, they shall explain

////
////
////
////

those objections.  Plaintiff need not file anything in response to defendants' filing unless ordered to do so by the court.

DATED: April 18, 2023

/s/  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/R/harr0830.pretrial mtns