UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS, | No. 2:16-cv-0830 TLN SCR P |
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's: (1) motion for the location of witnesses for trial (ECF No. 200); (2) motions for a waiver of the requirement that plaintiff prepay witness fees and expenses (ECF Nos. 190, 202); and (3) motions for the attendance of witnesses at trial (ECF Nos. 193, 194, 202). For the reasons set forth below, this court recognizes that plaintiff has withdrawn his motion for the location of witnesses, denies plaintiff's motion to be relieved of the requirement that he prepay witness fees, and orders defendants to file responses to plaintiff's motions for the attendance of witnesses at trial. In addition, this court orders defendants to provide further information on the detention status of potential witness Carlson.

**BACKGROUND**

On March 28, 2023, this court issued a Further Scheduling Order. (ECF No. 156.) The order set deadlines for filing pretrial statements. In addition, the order informed plaintiff about

1

the processes for producing the testimony of witnesses at trial. (Id. at 2-4.) The order stated that plaintiff must file a motion for the attendance of incarcerated witnesses along with his pretrial statement. That motion must include the following three things:

(1) The name and address of each witness.

(2) An affidavit stating whether the witness is willing to testify voluntarily without being subpoenaed. This affidavit can be signed and sworn by either plaintiff or the prospective witness. If the affidavit is signed by plaintiff, plaintiff must state when and where the witness told plaintiff he was or was not willing to testify voluntarily. If the affidavit is signed by the prospective witness, the witness must state that he is willing to testify without being subpoenaed.

(3) An affidavit showing the prospective witness's actual knowledge of relevant facts. If the affidavit is signed and sworn by plaintiff, plaintiff must show that he has firsthand knowledge that the witness either saw or heard relevant facts. If the affidavit is signed by the witness, the witness must describe the relevant facts he saw or heard.

The Further Scheduling Order then stated that if the court determines that all or some of the incarcerated witnesses may testify at trial, the court will issue an order to the prison to bring the witness(es) to court. The Further Scheduling Order also set out a procedure for obtaining the testimony of unincarcerated witnesses. (ECF No. 156 at 4.)

In a pretrial statement filed in May 2023, plaintiff identified six inmate witnesses but did not file an appropriate motion for their attendance. Plaintiff also sought address for two witnesses: K. Johnson and Carlson. (ECF No. 166.) Thereafter, plaintiff filed additional information about several of the potential inmate witnesses and appeared to seek to add others. (ECF No. 173.) In June 2023, defendants' counsel provided plaintiff with an address at California State Prison, Los Angeles, for "C. Johnson" #K65390.[1] However, defendants stated that they were unable to locate an inmate Carlson with the prison identification number plaintiff provided. (ECF No. 174.)

---

[1] Defendants identify witness Johnson, #65390, as "C. Johnson." Plaintiff occasionally continues to refer to that witness as "K. Johnson."

In a May 2024 order, the court recognized the difficulty plaintiff had in locating and communicating with the inmate witnesses.  (ECF No. 185.)  The court found plaintiff made a sufficient showing that six inmate witnesses – Priece, Jones, Morris, Bricker, Johnson, and Carlson – had information that may be relevant to the issues in this case.  The court directed defendants to facilitate plaintiff's written communication with those inmate witnesses and, because plaintiff had updated the inmate number for Carlson, ordered defendants to provide an address for Carlson.  The court also noted that two witnesses are no longer incarcerated and reminded plaintiff of the procedures for obtaining the attendance of unincarcerated witnesses, including prepayment of witness and travel fees for witnesses who are not willing to testify voluntarily.

In a May 15, 2024 filing, defendants stated that witness Nathan J. Carlson, formerly #AB9169, is no longer incarcerated and provided an address for him at the Male Correctional Re-entry Program (MCRP) in Los Angeles.  (ECF No. 187.)  It is not clear to the court, however, whether Carlson remains under the control of CDCR.  According to the CDCR website, MCRP is a "pre-release" program.[2]  Defendants will be ordered to inform the court whether Carlson may travel to testify either voluntarily or under a court subpoena.  If he is not free to do so, defendants must explain how Carlson's travel to Sacramento to testify would be arranged, including where he would be housed, if necessary, during that time.

On July 1, 2024, plaintiff filed motions for the attendance of incarcerated witnesses Jayshawn Priece and Ervin Morris.  (ECF Nos. 193, 194.)  Plaintiff also sought, and was granted, an extension of time to file additional motions for the attendance of witnesses.

Also on July 1, plaintiff filed an amended witness list.  (ECF No. 195.)  Plaintiff lists the following inmate witnesses:  Jayshawn Priece, Tylo Felix, Ervin Morris, Johnson, and himself.  Plaintiff also identifies witnesses Carlson, Jones, and Bricker by their inmate identification numbers.  However, the court and plaintiff have recognized that Jones and Bricker are no longer

---

[2] It appears that the program defendants refer to is the Male Community (as opposed to "Correctional") Reentry Program. See https://www.cdcr.ca.gov/rehabilitation/pre-release-community-programs/.

3

1    incarcerated.  (See ECF No. 185 at 4; ECF No. 202 at 3-4.)  In addition, as described above,
2    Carlson's status is currently not clear.
3           On August 16, 2024, plaintiff filed a document titled "Motion Requesting Location and or
4    Assisting Locating Witness for Trial."  (ECF No. 200.)  In that motion, plaintiff states that he is
5    "requesting the location for inmate Carlson #AB9169."  Plaintiff also indicates he is seeking the
6    location of witness "K. Johnson."  In their opposition, defendants point out that they already
7    provided plaintiff with that information.  (ECF No. 201.)  In his reply, plaintiff appears to go
8    through the history of his attempts to obtain the location of these two witnesses and concludes by
9    stating that he contacted Carlson and attaches a motion for the attendance of incarcerated witness
10   K. Johnson.  (ECF No. 202.)  Accordingly, this court considers plaintiff to have withdrawn his
11   August 16 motion for the location of witnesses.
12          Also attached to plaintiff's reply is a "Motion Requesting Response on Plaintiff's Request
13   of Waived Witness Travel Expenses and or Fees for Trial."  (ECF No. 202 at 11.)  Plaintiff
14   references a motion he filed on "June 2, 2024" for a waiver of witness fees and expenses.
15   Plaintiff appears to be referring to a document filed here on June 14, 2024.  (ECF No. 190.)  In
16   that document, plaintiff requests, among other things, that witness fees be waived until after
17   judgment or settlement of the case or that the losing party be required to pay the fees.  (ECF No.
18   190 at 3-4.)

### MOTION RE PREPAYMENT OF WITNESS FEES

20          The court has previously instructed plaintiff that his in forma pauperis status does not
21   relieve him of the responsibility of paying witness fees (ECF No. 156 at 4) and plaintiff appears
22   to recognize that responsibility (see ECF No. 202 at 12).  However, plaintiff states that he is
23   "unable to afford the $40 per day cost of witness's travel expensive [sic] and or lost of pay
24   wages."  (Id.)  The Ninth Circuit has made clear that, at least as the IFP statute is concerned, "fees
25   must be tendered concurrently with the subpoena," regardless of indigence.  Tedder v. Odel, 890
26   F.2d 210, 211 (9th Cir. 1989) (citing CF & I Steel Corp. v. Mitsui & Co., 713 F.2d 494, 496 (9th
27   Cir.1983)); see also Garcia v. Spokane Cnty., 745 F. App'x 730, 731 (9th Cir. 2018) (citing
28   Tedder, 890 F.2d at 211); Cortinas v. Vasquez, No. 1:19-cv-0367 JLT SKO PC, 2022 WL

837377, at *2 (E.D. Cal. Mar. 21, 2022) (same).  Moreover, plaintiff's reference to 28 U.S.C. §1825 is inapposite because that section involves the payment of fees in cases in which the United States or an officer or agency of the United States is a party.

However, the court is concerned about the prospect of plaintiff being unable to pay witness fees and how that might affect his ability to present his case at trial.  In order to further develop the record on this issue, and allow the court to decide how to proceed, plaintiff is instructed to file with the court a record of his prison trust fund account for the past six months and an explanation of whether he has access to any other funds to pay witness fees (for example, from friends or family members), and if not, why not.

**MOTIONS FOR THE ATTENDANCE OF INCARCERATED WITNESSES**

Plaintiff submitted motions for the attendance of three witnesses:  Jayshawn Priece (ECF No. 193), Ervin Morris (ECF No. 194), and Carl Johnson (ECF No. 202 at 5-9).  Defendants have not responded to these motions.  They will be ordered to do so.

On July 19, the court gave plaintiff thirty days to file any additional motions for the attendance of incarcerated witnesses.  In his July 1 Amended Witness List, plaintiff also identified incarcerated witness Tylo Felix. (ECF No. 195.)  However, plaintiff has not filed a motion for the attendance of Felix or sought further extensions of time to do so.

As described above, defendants will be ordered to provide more details about the status of potential witness Carlson's detention.  If defendants' statement shows that Carlson should be treated like an incarcerated witness, the court will provide plaintiff additional time to file a motion for Carlson's attendance.

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Plaintiff's motion for the location of witnesses for trial (ECF No. 200) is considered withdrawn.
2. Plaintiff's motions for a waiver of the requirement that plaintiff prepay witness fees and expenses (ECF Nos. 190, 202) will be decided after plaintiff submits additional information.  Within twenty-one days of the date of this order, plaintiff shall file a record of his prison trust fund account for the past six months and an explanation of

whether he has access to any other funds to pay witness fees, and if not, why not.

3. Within twenty-one days of the date of this order, defendants shall respond to plaintiff's motions for the attendance of witnesses Jayshawn Priece (ECF No. 193), Ervin Morris (ECF No. 194), and Carl Johnson (ECF No. 202). Within ten days of the service of defendants' response, plaintiff may file a reply.

4. Within fourteen days of the date of this order, defendants shall file the statement described above regarding the detention status of potential witness Nathan Carlson.

DATED: October 31, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE