UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRADY HARRIS, | No. 2:16-cv-0830-TLN-SCR |
| Plaintiff, | |
| v. | ORDER AND |
| JEFF MACOMBER, et al., | FINAL PRETRIAL ORDER |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. By Pretrial Order dated March 25, 2025, the Court set this matter for a jury trial commencing on July 28, 2025, on Plaintiff's Eighth Amendment excessive force claims against Defendants Munoz, Fong, Williamson, and Leavitt, as well as an Eighth Amendment failure to protect claim against Defendant Leavitt. ECF No. 221. On April 2, 2025, Defendants filed a joint objection to the Pretrial Order. ECF No. 223. Plaintiff filed objections to the Pretrial Order on May 5, 2025, which the Court construes as timely filed due to delays with the prison mail. ECF Nos. 226 (Objections), 228 (letter explaining mail delay). This order resolves the parties' objections to the Pretrial Order and sets the final pretrial and trial dates in this case.

I. **Objections to Pretrial Order**

In their objections, Defendants submit that a July 28, 2025 trial date is not feasible due to their other pending cases. They request a trial date no earlier than October 1, 2025. ECF No.

1

223. Defendants also object to granting Plaintiff's request for the attendance of three inmate witnesses because they have not had the opportunity to depose them. ECF No. 223. Since discovery has closed, Defendants submit that they would be prejudiced at trial by allowing these inmate witnesses to testify. ECF No. 223.

Plaintiff filed objections disputing the special factual information as being incomplete because it does not include his allegations that Defendants allowed his genitals and buttocks to be exposed during his prison escort in order to humiliate him. ECF No. 226 at 2-3. Although Plaintiff agrees that he was not hospitalized due to the use of excessive force as indicated in the Pretrial Order, he indicates that a back injury was reaggravated causing him to need ongoing medical care in prison. ECF No. 226 at 3.

Plaintiff additionally objects to the Pretrial Order because it does not include thirteen different exhibits that he seeks to introduce at trial. ECF No. 226 at 3-4. The Court addresses each of these requested exhibits separately in the analysis section below.

Next, Plaintiff objects to not being provided with the address of former inmate Nathan Carlson, whom he wishes to call as a witness at trial. ECF No. 166 at 4. Plaintiff's correspondence to Mr. Carlson at the address provided by Defendants was returned to him and marked "return to sender." Thus, he does not have the ability to determine whether Mr. Carlson is willing to testify voluntarily or whether he requires a subpoena.

## II. Analysis of Objections to Pretrial Order

The Court addresses the objections to the Pretrial Order in the order that they were filed.

### A. Defendants' Objections

The court grants Defendants' request to modify the Pretrial Order by reopening discovery for the limited purpose of deposing Plaintiff's incarcerated witnesses, since the names of these individuals were not provided by Plaintiff during initial discovery. The court denies Defendants' objections to the extent that it seeks to deny Plaintiff the ability to call witnesses Jayshawn Priece, Erwin Morris, and K. Johnson. Therefore, discovery is reopened for the limited purpose of allowing Defendants to depose witnesses Jayshawn Priece, Erwin Morris, and K. Johnson. All depositions shall be conducted no later than **August 25, 2025**.

1     Due to the Court's scheduling conflicts and the limited reopening of discovery in this
2  case, the July 28, 2025 trial date in this matter is hereby vacated.  The trial date is reset to
3  **February 23, 2026** at 9:00 a.m. in Courtroom 2 before the Honorable Troy L. Nunley.  Thus,
4  Defendants' objection to the trial date is granted.

5     **B. Plaintiff's Objections**

6        **1. Special Factual Information In Tort Action for Personal Injury**

7     Plaintiff does not challenge the accuracy of the information contained in this section of the
8  Pretrial Order.  He merely indicates that it is not comprehensive enough.  However, a pretrial
9  order is intended to "control[] the course of the action" and is not intended to include the details
10 of any parties' purported testimony at trial.  Fed. R. Civ. P. 16(d).  Therefore, Plaintiff's objection
11 is denied.

12       **2. Trial Exhibits**

13    Plaintiff objects to the exclusion of a number of potential trial exhibits in the Pretrial
14 Order.  Before addressing those potential exhibits, the Court first makes clear that the trial judge
15 will determine the admissibility of any proffered evidence at or before trial.  Accordingly, the
16 inclusion of any particular trial exhibit in a pretrial order does not guarantee that such exhibit will
17 be admitted at trial.
18    Plaintiff's requests to use witnesses' prior declarations, interrogatory responses, and
19 admissions were included in the section of the Pretrial Order concerning Discovery Documents.
20 See ECF No. 221 at 7.  The Pretrial Order indicated that any interrogatories or admissions
21 intended to be offered or read into evidence must be designated no later than one week before
22 trial, unless they are used only for impeachment or rebuttal.  ECF No. 221 at 8.  This portion of
23 Plaintiff's objections is denied.
24    Plaintiff's request to include: 1) a diagram or map of the prison yard; 2) his health care
25 service request forms; and, 3) his medical records as trial exhibits are granted to the extent that
26 they concern the injuries he received as a result of the use of force on November 21, 2014 and
27 were provided to Defendants in discovery.
28    Plaintiff's objection seeking to use CDCR's Operational Manual as an exhibit is denied as

1  overly broad.  Plaintiff's designation of the entirety of Title 15 of the California Code of
2  Regulations as a trial exhibit is also denied as overly time consuming.  Id.  The Pretrial Order
3  narrows the use of the California Code of Regulations to the specific section pertaining to the use
4  of force.  See tit. 15 C.C.C. § 3268; ECF No. 221 at 6.  For these reasons, this objection is denied.
5  　　　　Plaintiff's request to use all the evidence introduced at summary judgment as trial exhibits
6  is denied.  The Pretrial Order does not preclude the use of a witnesses' declarations submitted for
7  purposes of summary judgment as impeachment evidence or rebuttal at trial.  Evidence does not
8  have to be designated as an exhibit in order to be used to impeach a witness.  Therefore, this
9  objection is unnecessary.
10 　　　　Plaintiff's request to include a January 21, 2015 letter to Internal Affairs and a "IA-N
11 statement from Michael Sikhlen" as trial exhibits is denied as Plaintiff does not describe how
12 these items are relevant to the issues at trial.  Nor does Plaintiff explain if these documents were
13 provided to Defendants during discovery or why he did not previously identify these documents
14 as exhibits in his pretrial statement.  See ECF No. 166 at 8-10.  Accordingly, these objections are
15 denied.
16 　　　　Plaintiff's objection to the trial exhibits seeking to designate his Comprehensive
17 Accommodation Chrono is granted to the extent that it refers to the use of his medical appliance
18 (cane) referenced in his second amended complaint.  See ECF No. 96 at 4.
19 　　　　Plaintiff's objection based on the failure of the Pretrial Order to include the case of Ashker
20 et al., v. Newsom, Case No. 09-cv-5796-CW, as a trial exhibit is denied.  Plaintiff does not
21 explain why case law is necessary as an exhibit and none is apparent to the court.  For this reason,
22 the objection is denied.
23 　　　　Plaintiff's objection to include any prior records of Defendants' misconduct reported
24 before or after the incident as exhibits at trial, is denied as overly broad because Plaintiff does not
25 specify whether any such records of misconduct exist or for what limited purpose they would be
26 admissible at trial.  See ECF No. 221 at 10 (Pretrial order denying Inmate Witness Tylo Felix
27 because his testimony "would not be admissible to demonstrate Defendant Williamson's
28 propensity for excessive force or his character for violence" because it occurred after November

21, 2014). This objection is denied.

### 3. Unincarcerated Witness Nathan Carlson

The Court has reviewed the parties' prior filings concerning the location of witness Nathan Carlson and whether a subpoena is necessary to secure his attendance at trial. See ECF Nos. 187, 200, 201, 204. Plaintiff's objection that he was not provided the physical address to contact Mr. Carlson is not supported by the record. Mr. Carlson was released from prison and was residing at the "Male Correctional Re-entry Program in Los Angeles, 2307 West 6th Street, Los Angeles, California, 90057." ECF No. 187. To the extent that Plaintiff indicates his mail to Mr. Carlson was returned, the address provided by Defendants may be stale as it was initially provided a year ago. Therefore, out of an abundance of caution, the Court will construe Plaintiff's objection to this portion of the Pretrial Order as a request for the current address of Nathan Carlson. So construed, the request is granted. Within 21 days from the date of this order, Defendants shall contact Mr. Carlson's parole officer and obtain his current address and provide it to plaintiff if it has changed. Defendants shall further file a notice on the docket indicating that they have complied with this order.

### III. Pending Pretrial Motions

Plaintiff has filed a motion for the appointment of counsel to represent him at trial. ECF No. 225. District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases on a pro bono basis. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the Court may request that an attorney voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the Court to evaluate Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims without counsel in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for the voluntary assistance of

counsel. Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018). Having reviewed Plaintiff's pro se pleadings, the Court does not find that there are exceptional circumstances in this case warranting the appointment of counsel. This is a straight-forward use-of-force and failure-to-protect case. Therefore, Plaintiff's motion for the appointment of counsel is denied.

Plaintiff also filed a motion for a court order granting him priority legal user ("PLU") status at the prison where he is incarcerated due to the impending trial of this matter. ECF No. 227. Attached to the motion is a PLU request form which was denied by prison staff on April 14, 2025. ECF No. 227 at 7. This denial indicates that Plaintiff should resubmit the form "no sooner than 6 weeks prior" to any deadline in his case. ECF No. 227 at 7. The Court will not order Defendants to grant plaintiff PLU status at this point. See Lindquist v. Idaho State Bd. Of Corrections, 776 F.2d 851, 858 (9th Cir. 1985) (stating that "the Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used.") (citation omitted). Plaintiff's motion is denied as unnecessary as this order sets various court deadlines which will allow plaintiff to resubmit the PLU request form directly to the prison where he is incarcerated within six weeks of each court deadline.

### IV. Final Pretrial Order

JURISDICTION/VENUE

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) because Plaintiff asserts an Eighth Amendment claim. Venue is appropriate in the Eastern District of California, Sacramento Division, under 28 U.S.C. § 1391(b)(2) because the incident giving rise to the claim occurred in this judicial district.

SETTLEMENT NEGOTIATIONS

The parties attended a settlement conference on February 29, 2024 which did not result in settlement. It appears that a further settlement conference is not warranted.

JURY/NON-JURY

All parties have demanded a jury trial. Accordingly, this matter shall be tried before a

1 | jury.  The Court shall empanel eight (8) jurors.

UNDISPUTED FACTS

1. At all times relevant, Plaintiff was a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and housed at California State Prison-Sacramento ("CSP-SAC").

2. On November 21, 2014, Defendants were acting under color of law as Correctional Officers at CSP-SAC.

3. At approximately 12:10 p.m., Defendants Munoz and Fong were assigned to escort Plaintiff across the yard at Facility C.

4. At some point, Defendants Williamson and Leavitt joined the escort.

5. During the escort, Plaintiff was physically restrained by one or more correctional officers.

6. At approximately 12:15 p.m., Plaintiff was seen by C. Teachout, LVN, who completed a CDCR Form 7219 Medical Report of Injury or Unusual Occurrence based on the incident.

7. Plaintiff was charged and found guilty of a Rules Violation Report ("RVR") for Battery on a Peace Officer, due to his conduct against Defendant Munoz during this prison escort.

DISPUTED FACTUAL ISSUES

1. What, if any, force each Defendant used against Plaintiff during the escort.
2. Whether any forced used against Plaintiff by any Defendant was excessive.
3. Whether Defendant Leavitt witnessed any use of force against Plaintiff.
4. Whether Defendant Leavitt could have prevented any use of force against Plaintiff.
5. What, if any, injuries did Plaintiff suffer as a result of the force used by any Defendant.
6. If liability is found as to any Defendant, whether punitive damages are authorized under the facts of this case.

SPECIAL FACTUAL INFORMATION IN TORT ACTION FOR PERSONAL INJURY

A. Plaintiff's version of the November 21, 2014 incident is that while escorting him across the yard, Defendants Munoz, Fong, and Williamson lifted him off his feet, pushed him to

7

the ground, and then punched and kicked him maliciously to cause him harm. He further contends that Defendant Leavitt was present during the escort and failed to intercede when the use of force occurred.

    B. Defendants' version is that during the escort Plaintiff turned and tried to head-butt Munoz, and then Plaintiff shoved his elbow into Munoz's chest. At that point, Munoz used his physical strength to force Plaintiff to the ground and restrain him there. Defendant Fong was escorting Plaintiff with Munoz, but did not use any physical force on Plaintiff. Defendant Williamson was present, but also did not use any physical force on Plaintiff. Defendant Leavitt denies being in the area or that he used any force on Plaintiff. Williamson assisted Plaintiff to his feet after the incident, and continued escorting Plaintiff to the prison medical clinic for an evaluation.

    C. Plaintiff was age 37 at the time of the incident. A medical evaluation by an LVN shortly after the incident found that Plaintiff had an abrasion on his left cheek, and an abrasion with redness and bleeding at his left shoulder. Plaintiff was not hospitalized, and does not appear to have had any further medical care for his injuries. Because he is a state prisoner, Plaintiff has no economic loss for medical expenses or lost wages.

RELIEF SOUGHT

    In the second amended complaint, Plaintiff seeks compensatory damages of $10,000 per Defendant. In addition, Plaintiff seeks punitive damages of $10,000 and exemplary damages of $10,000 per Defendant.

    Defendants seek judgment in their favor along with an award of costs.

POINTS OF LAW

    Trial briefs shall be filed with this court **no later than fourteen days prior to the date of trial** in accordance with Local Rule 285.

WITNESSES

    A. The parties both anticipate calling the following witnesses in this action:

        1. Plaintiff Grady Harris;

        2. Defendant Fong;

3. Defendant Munoz;

4. Defendant Leavitt;

5. Defendant Williamson;

6. Correctional Officer M. Thompson;

7. Correctional Officer D. Calderon;

8. Correctional Officer T. Fuller;

9. Correctional Officer E. Cervantes;

10. Correctional Officer B. Vielbig;

11. Sergeant K. Rose;

12. Correctional Officer S. Givens; and,

13. C. Teachout, LVN.

B. Plaintiff anticipates calling the following witnesses: See ECF Nos. 176, 195, 208.

1. Inmate Jayshawn Priece (#G40746);

2. Inmate K. Johnson (#K65390);

3. Inmate Erwin Morris (#D30491);

4. Inmate Tylo Felix (#G56081);

5. Andrew Nelson[1];

6. Former Inmate Jaquan Jones;

7. Former Inmate Michael Bricker;

8. Former Inmate Nathan Carlson;

9. Larry Fink, Private Investigator;

10. Jeff Macomber, Warden of CSP-Sac; and,

11. Correctional Officer Valazquez.

C. Defendants' additional prospective witnesses are:

1. Records Custodian for Plaintiff's central file records maintained by CDCR; and,

---

[1] Plaintiff removed this witness from his Amended Pretrial Statement Witness List and did not provide any declaration as to this witness's prospective testimony. ECF No. 195. Therefore, the Court will not issue a writ of habeas corpus ad testificandum or subpoena for this witness to attend trial.

9

   2. Records Custodian for Plaintiff's Unit Health Records maintained by CDCR.

  D. No other witness will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or (2) the witness was discovered after the pretrial conference and the proffering party makes the showing required in section E below.

  E. Upon the post-pretrial discovery of witnesses, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and the opposing party were promptly notified upon discovery of the witnesses; (3) if time permitted, the party proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

<u>TRIAL EXHIBITS</u>

  A. Plaintiff seeks to introduce the following as potential trial exhibits:

   1. The second amended complaint (ECF No. 96);

   2. An unidentified "online article of prison officer's death;"

   3. Plaintiff's Health Care Service Request forms;

   4. Diagram or map of prison yard;

   5. Plaintiff's Comprehensive Accommodation Chrono for a medical appliance; and,

   6. Plaintiff's medical records related to his injuries.

  B. Defendants anticipate offering the following as potential trial exhibits:

   1. Surveillance videotape footage of a portion of the events in dispute;

   2. Photographs of the areas where the events in dispute happened;

   3. Form 7219 Medical Report of Injury or Unusual Occurrence for Plaintiff, completed by C. Teachout, LVN on November 21, 2014;

   4. Form 7219 Medical Report of Injury or Unusual Occurrence for Defendant Munoz, completed by C. Teachout, LVN on November 21, 2014;

   5. CDCR Form 837 Crime / Incident Report including Cover Sheet, Supplements and

        all Staff Reports;

    6. Records of Rules Violation Report Log No. C14-11-054 for Plaintiff's battery on a peace officer, for his actions during the events in dispute;

    7. Records of the abstracts of judgment for Plaintiff's felony convictions;

    8. Records of the abstracts of judgment for felony convictions of any inmate witnesses;

    9. Text of California Code of Regulations, Title 15, section 3268 (Use of Force);

    10. Declaration of Custodian of Records for Plaintiff's central file records maintained by CDCR; and,

    11. Declaration of Custodian of Records for Plaintiff's Unit Health Records (medical records) maintained by CDCR.

C. Plaintiff's exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiff and blue for Defendants. After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial. All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

D. Each party may use an exhibit designated by the other. In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified. The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

E. The Court will not permit introduction of other exhibits unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or (2) the exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "F" below.

F. Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at

trial their admissibility. The exhibits will not be received unless the proffering party demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the Court and the parties were promptly informed of their existence; (3) the proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied, the proffering party must show that he or she has made the exhibit(s) reasonably available for inspection by the opposing party.

G. The parties shall exchange their exhibits by mail **not later than 30 days in advance of trial**. Each party will file any objections to exhibits, also known as motions in limine, **by February 2, 2026** (see "Further Discovery and Motions," below). Each exhibit not previously objected to will be forthwith received into evidence.

H. The parties are directed to bring an original and one copy of each exhibit to trial. The original exhibit becomes the property of the court for purposes of trial. The copy is for bench use during trial.

I. It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

TRIAL PROTECTIVE ORDER

No such order is requested by any party.

DISCOVERY DOCUMENTS

A. Plaintiff seeks to introduce all defendants' discovery responses and documents obtained through discovery.

B. Defendants anticipate offering plaintiff's deposition transcript, or portions thereof, at trial, only for purposes of impeachment or rebuttal.

C. Lodging Deposition Transcripts and Video Files

It is the duty of counsel to ensure that any deposition transcripts which are to be used at trial have been lodged with the Clerk of the Court **not later than 30 days in advance of trial**. Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

D.  Use of Depositions

The parties are ordered to file with the Court and exchange between themselves **not later than 30 days in advance of trial** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

E.  Interrogatories and Admissions

To the extent the parties intend to offer or read into evidence any portions of Answers to Interrogatories or Admissions, a statement designating those discovery responses shall also be filed and exchanged **not later than 30 days in advance of trial** (except portions to be used only for impeachment or rebuttal).

FURTHER DISCOVERY OR MOTIONS

Discovery is reopened for the limited purpose of allowing defendants to depose incarcerated witnesses Jayshawn Priece, Erwin Morris, and K. Johnson. All depositions shall be conducted by **August 25, 2025**. Defendants anticipate filing a motion in limine.

The Court sets a filing deadline for objections to exhibits and motions in limine of **February 2, 2026** with opposition briefs due by **February 9, 2026** and reply briefs due by **February 16, 2026**.

STIPULATIONS

At this time the parties have reached no stipulations. Defendant Leavitt requests that the parties stipulate to the authenticity of plaintiff's CDCR medical records and central file with affidavits from the custodian of records.

AMENDMENTS/DISMISSALS

None.

AGREED STATEMENTS

Defendants contend that an Agreed Statement of Facts is not feasible in this case.

SEPARATE TRIAL OF ISSUES

Defendants Fong, Munoz, and Williamson seek bifurcation of the issue of punitive damages. Should the jury determine that a defendant is liable and punitive damages are appropriate, the amount of punitive damages will be bifurcated to the extent that evidence

concerning a defendant's financial status or net worth will be introduced only after such a finding.

IMPARTIAL EXPERTS -- LIMITATION OF EXPERTS

Not applicable.

ATTORNEYS' FEES

Plaintiff seeks attorney's fees pursuant to Local Rule 293(c), but he is not represented by counsel. Defendants do not seek attorneys' fees.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

A. Jury Instructions

The parties are directed to meet and confer and to attempt to agree upon a joint set of jury instructions. The parties shall use the Ninth Circuit Model Jury Instructions and any revisions. Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable. All instructions shall be, to the extent possible, concise, understandable, and free from argument. See Local Rule 163(c). Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions. Pursuant to Local Rule 163, jury instructions shall be filed with the Court **one week before trial**.

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

B. Verdict Form

The parties must file a joint verdict form(s) concurrently with proposed jury instructions **one week before trial**. If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired. See Local Rule 163(e).

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

C. Voir Dire

The parties shall submit proposed voir dire questions to the Court. The Court reserves the right to conduct all examination of prospective jurors. Pursuant to Local Rule 162.1, the voir dire questions shall be filed with the Court **one week before trial**.

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

MISCELLANEOUS

Plaintiff's present custodian shall provide for plaintiff's presence at trial pursuant to the writ of habeas corpus ad testificandum to be issued by the court. All parties shall take any steps necessary to facilitate execution of said writ. The parties and plaintiff's custodian are cautioned that sanctions will be imposed for failure to comply with court orders.

The parties are directed to Local Rule 285 regarding the contents and the deadline for filing trial briefs.

PLAINTIFF'S MOTIONS FOR ATTENDANCE OF INCARCERATED WITNESSES

Plaintiff filed several motions for the attendance of incarcerated witnesses identified by their name and CDCR number. ECF Nos. 193, 194, 208. The motions also contain various declarations describing each witness' actual knowledge of the events of November 21, 2014. ECF Nos. 193, 194, 208. Defendants oppose plaintiff's motions for the attendance of inmate witnesses Erwin Morris and K. Johnson because plaintiff did not list them in his interrogatory responses. However, as plaintiff points out, defendants have known about these inmate witnesses for over a year now. See ECF Nos. 166, 173. The court will grant plaintiff's motion for the attendance of incarcerated witnesses Jayshawn Priece, Erwin Morris, and K. Johnson. ECF Nos. 193, 194, 208. The necessary writs of habeas corpus ad testificandum for each of these witness' attendance at trial will be issued by the court.

The court denies Plaintiff's motion for the attendance of inmate Tylo Felix as his declaration indicates that he did not witness the events of November 21, 2014. To the extent that Plaintiff seeks to introduce this witness's testimony as propensity or character evidence, the subsequent use of excessive force by Defendant Williamson occurred after the events at issue in this case. This evidence would not be admissible to demonstrate Defendant Williamson's propensity for excessive force or his character for violence. Therefore, the Court grants, in part, and denies in part Plaintiff's motions for the attendance of incarcerated witnesses. ECF Nos. 193, 194, 208.

PLAINTIFF'S MOTION FOR A WAIVER OF WITNESS FEES

Plaintiff has filed a motion for the waiver of witness fees for those witnesses who have

been released from custody. ECF No. 210. Although Plaintiff does not indicate which witnesses this motion applies to, the court construes it as a request to waive the daily witness fees and travel expenses for Jaquan Jones, Nathan Carlson, and Michael Bricker who have been released from incarceration. ECF No. 210. After reviewing Plaintiff's motion, it appears that Plaintiff may only have a current address for Nathan Carlson, after Defendants obtain that address in accordance with the relevant portion of the order above. Therefore, his motion for the waiver of witness fees for Jaquan Jones and Michael Bricker is denied as moot since Plaintiff has not listed any current contact information for these witnesses and would not be able to subpoena them. Plaintiff has not indicated whether Mr. Carlson is willing to testify voluntarily, or whether he requires a subpoena to secure his attendance at trial. See ECF No. 204 (indicating Carlson may request a travel pass from his parole agent or may require the issuance of a subpoena). As Plaintiff was previously informed, his in forma pauperis status does not relieve him of the responsibility of paying his witness fees as a civil litigant. See ECF No. 203 at 4. Although Plaintiff indicates several alternatives to his prepayment of these fees including paying them on a monthly basis or having them assessed as costs to be paid by the losing party at trial, the Ninth Circuit Court of Appeal has concluded that the IFP statute requires witness fees to be tendered at the same time as the subpoena. Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (citing CF & I Steel Corp. v. Mitsui & Co., 713 F.2d 494, 496 (9th Cir.1983)). There is simply no procedural mechanism that would require the U.S. Marshal to serve a subpoena without prepayment of the witness fees. To the extent that Nathan Carlson does not agree to testify voluntarily, the Court denies Plaintiff's motion to waive the prepayment of his daily witness fees and travel expenses from Los Angeles. ECF No. 210. For all these reasons, the Court denies Plaintiff's motion to waive witness fees for Jaquan Jones, Nathan Carlson, and Michael Bricker. ECF No. 210.

As indicated in the Court's further scheduling order, it is Plaintiff's responsibility to secure the testimony of an unincarcerated witness either voluntarily, or through the issuance of a subpoena to be served by the United States Marshall at the witness' current address. **Not earlier than four weeks and not later than two weeks before trial**, Plaintiff must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon any unincarcerated

witness, including Mr. Carlson.  At the time of filing, Plaintiff must also tender the daily witness fee of $40.00 plus the witness' travel expenses.  A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00.

SHACKLING

A hearing to make an individualized determination regarding the need for Plaintiff to be shackled before the jury shall be heard prior to the start of trial.  See Claiborne v. Blauser, 934 F.3d 885 (9th Cir. 2019).

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **Monday, February 23, 2026** at 9:00 a.m. in Courtroom #2 before the Honorable Troy L. Nunley.  Trial is anticipated to last four to five days.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court grants, in part, and denies, in part, the parties' objections to the Pretrial Order as explained herein.

2. The jury trial set for Monday, July 28, 2025 is hereby vacated.  The trial date is reset for Monday, **February 23, 2026** at 9:00 a.m. in Courtroom 2 before the Honorable Troy L. Nunley.  Trial is anticipated to last four to five days.

3. Discovery is reopened for the limited purpose of allowing Defendants to depose incarcerated witnesses Jayshawn Priece, Erwin Morris, and K. Johnson.  All depositions shall be conducted no later than **August 25, 2025**.

4. Within 21 days from the date of this order, Defendants shall contact Nathan Carlson's parole officer and obtain his current address and provide it to Plaintiff if it has changed. Defendants shall further file a notice on the docket indicating that they have complied with this order within 21 days.

5. In light of Plaintiff's objections regarding his pro se status and lack of familiarity with trial procedures, the Clerk of Court is directed to send Plaintiff a copy of Local Rules 163 (Jury Instructions and Verdicts – Civil and Criminal Actions) and 285 (Trial Briefs).

      6. Plaintiff's motion for the appointment of counsel (ECF No. 225) is denied based on the lack of exceptional circumstances in this case.

      7. Plaintiff's motion for priority legal user status (ECF No. 227) is denied as unnecessary as this order sets various court deadlines which will allow Plaintiff to resubmit the PLU request form directly to the prison where he is incarcerated within six weeks of each deadline.

DATED: May 14, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE