1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRADY HARRIS,

        Plaintiff,

    v.

JEFF MACOMBER, et al.,

        Defendants.

No.  2:16-cv-0830-TLN-SCR

<u>AMENDED FINAL PRETRIAL ORDER</u>

      Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Upon review of the parties' pretrial statements, the remainder of the file, and the objections to the initial pretrial order, this Court makes the following findings and orders:[1]

<u>JURISDICTION/VENUE</u>

      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) because Plaintiff asserts an Eighth Amendment claim. Venue is appropriate in the Eastern District of California, Sacramento Division, under 28 U.S.C. § 1391(b)(2) because the incident giving rise to the claim occurred in this judicial district.

---

[1] As explained in the concurrently filed order addressing Plaintiff's motions (ECF Nos. 231 & 232), this order is amended to include the full and accurate names of three of Plaintiff's incarcerated witnesses.  In all other respects, it is unchanged from the Final Pretrial Order filed at ECF No. 229.

1    SETTLEMENT NEGOTIATIONS

2         The parties attended a settlement conference on February 29, 2024 which did not result in

3    settlement.  It appears that a further settlement conference is not warranted.

4    JURY/NON-JURY

5         All parties have demanded a jury trial.  Accordingly, this matter shall be tried before a

6    jury.  The Court shall empanel eight (8) jurors.

7    UNDISPUTED FACTS

8         1.  At all times relevant, Plaintiff was a state prisoner in the custody of the California

9    Department of Corrections and Rehabilitation ("CDCR") and housed at California State Prison-

10   Sacramento ("CSP-SAC").

11        2.  On November 21, 2014, Defendants were acting under color of law as Correctional

12   Officers at CSP-SAC.

13        3.  At approximately 12:10 p.m., Defendants Munoz and Fong were assigned to escort

14   Plaintiff across the yard at Facility C.

15        4.  At some point, Defendants Williamson and Leavitt joined the escort.

16        5.  During the escort, Plaintiff was physically restrained by one or more correctional

17   officers.

18        6.  At approximately 12:15 p.m., Plaintiff was seen by C. Teachout, LVN, who completed

19   a CDCR Form 7219 Medical Report of Injury or Unusual Occurrence based on the incident.

20        7.  Plaintiff was charged and found guilty of a Rules Violation Report ("RVR") for

21   Battery on a Peace Officer, due to his conduct against Defendant Munoz during this prison escort.

22   DISPUTED FACTUAL ISSUES

23        1.  What, if any, force each Defendant used against Plaintiff during the escort.

24        2.  Whether any forced used against Plaintiff by any Defendant was excessive.

25        3.  Whether Defendant Leavitt witnessed any use of force against Plaintiff.

26        4.  Whether Defendant Leavitt could have prevented any use of force against Plaintiff.

27        5.  What, if any, injuries did Plaintiff suffer as a result of the force used by any

28           Defendant.

2

1      6.  If liability is found as to any Defendant, whether punitive damages are authorized

2          under the facts of this case.

3  <u>SPECIAL FACTUAL INFORMATION IN TORT ACTION FOR PERSONAL INJURY</u>

4      A.  Plaintiff's version of the November 21, 2014 incident is that while escorting him

5  across the yard, Defendants Munoz, Fong, and Williamson lifted him off his feet, pushed him to

6  the ground, and then punched and kicked him maliciously to cause him harm.  He further

7  contends that Defendant Leavitt was present during the escort and failed to intercede when the

8  use of force occurred.

9      B.  Defendants' version is that during the escort Plaintiff turned and tried to head-butt

10  Munoz, and then Plaintiff shoved his elbow into Munoz's chest.  At that point, Munoz used his

11  physical strength to force Plaintiff to the ground and restrain him there.  Defendant Fong was

12  escorting Plaintiff with Munoz, but did not use any physical force on Plaintiff.  Defendant

13  Williamson was present, but also did not use any physical force on Plaintiff.  Defendant Leavitt

14  denies being in the area or that he used any force on Plaintiff.  Williamson assisted Plaintiff to his

15  feet after the incident, and continued escorting Plaintiff to the prison medical clinic for an

16  evaluation.

17      C.  Plaintiff was age 37 at the time of the incident.  A medical evaluation by an LVN

18  shortly after the incident found that Plaintiff had an abrasion on his left cheek, and an abrasion

19  with redness and bleeding at his left shoulder.  Plaintiff was not hospitalized, and does not appear

20  to have had any further medical care for his injuries.  Because he is a state prisoner, Plaintiff has

21  no economic loss for medical expenses or lost wages.

22  <u>RELIEF SOUGHT</u>

23      In the second amended complaint, Plaintiff seeks compensatory damages of $10,000 per

24  Defendant.  In addition, Plaintiff seeks punitive damages of $10,000 and exemplary damages of

25  $10,000 per Defendant.

26      Defendants seek judgment in their favor along with an award of costs.

27  <u>POINTS OF LAW</u>

28      Trial briefs shall be filed with this court **no later than fourteen days prior to the date of**

1    **trial** in accordance with Local Rule 285.

2    WITNESSES

3         A.  The parties both anticipate calling the following witnesses in this action:

4              1.  Plaintiff Grady Harris;

5              2.  Defendant Fong;

6              3.  Defendant Munoz;

7              4.  Defendant Leavitt;

8              5.  Defendant Williamson;

9              6.  Correctional Officer M. Thompson;

10             7.  Correctional Officer D. Calderon;

11             8.  Correctional Officer T. Fuller;

12             9.  Correctional Officer E. Cervantes;

13             10. Correctional Officer B. Vielbig;

14             11. Sergeant K. Rose;

15             12.  Correctional Officer S. Givens; and,

16             13.  C. Teachout, LVN.

17        B.  Plaintiff anticipates calling the following witnesses:  See ECF Nos. 176, 195, 208.

18             1.  Inmate Jayshawn Visa Pierce (#G40746);

19             2.  Inmate Raymond Carl Johnson (#K65390);

20             3.  Inmate Morris Gene Ervin (#D30491);

21             4.  Inmate Tylo Felix (#G56081);

22             5.  Andrew Nelson[2];

23             6.  Former Inmate Jaquan Jones;

24             7.  Former Inmate Michael Bricker;

25             8.  Former Inmate Nathan Carlson;

26    _____

27    [2]  Plaintiff removed this witness from his Amended Pretrial Statement Witness List and did not provide any declaration as to this witness's prospective testimony.  ECF No. 195.  Therefore, the Court will not issue a writ of habeas corpus ad testificandum or subpoena for this witness to

28    attend trial.

9.   Larry Fink, Private Investigator;

10.  Jeff Macomber, Warden of CSP-Sac; and,

11. Correctional Officer Valazquez.

C.  Defendants' additional prospective witnesses are:

1.   Records Custodian for Plaintiff's central file records maintained by CDCR; and,

2.   Records Custodian for Plaintiff's Unit Health Records maintained by CDCR.

D.  No other witness will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or (2) the witness was discovered after the pretrial conference and the proffering party makes the showing required in section E below.

E.  Upon the post-pretrial discovery of witnesses, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and the opposing party were promptly notified upon discovery of the witnesses; (3) if time permitted, the party proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

TRIAL EXHIBITS

A.  Plaintiff seeks to introduce the following as potential trial exhibits:

1.   The second amended complaint (ECF No. 96);

2.   An unidentified "online article of prison officer's death;"

3.   Plaintiff's Health Care Service Request forms;

4.   Diagram or map of prison yard;

5.   Plaintiff's Comprehensive Accommodation Chrono for a medical appliance; and,

6.   Plaintiff's medical records related to his injuries.

B.  Defendants anticipate offering the following as potential trial exhibits:

1.   Surveillance videotape footage of a portion of the events in dispute;

2.   Photographs of the areas where the events in dispute happened;

3.  Form 7219 Medical Report of Injury or Unusual Occurrence for Plaintiff, completed by C. Teachout, LVN on November 21, 2014;

4.  Form 7219 Medical Report of Injury or Unusual Occurrence for Defendant Munoz, completed by C. Teachout, LVN on November 21, 2014;

5.  CDCR Form 837 Crime / Incident Report including Cover Sheet, Supplements and all Staff Reports;

6.  Records of Rules Violation Report Log No. C14-11-054 for Plaintiff's battery on a peace officer, for his actions during the events in dispute;

7.  Records of the abstracts of judgment for Plaintiff's felony convictions;

8.  Records of the abstracts of judgment for felony convictions of any inmate witnesses;

9.  Text of California Code of Regulations, Title 15, section 3268 (Use of Force);

10.  Declaration of Custodian of Records for Plaintiff's central file records maintained by CDCR; and,

11.  Declaration of Custodian of Records for Plaintiff's Unit Health Records (medical records) maintained by CDCR.

C.  Plaintiff's exhibits shall be listed numerically.  Defendants' exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiff and blue for Defendants.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial.  All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

D.  Each party may use an exhibit designated by the other.  In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

E.  The Court will not permit introduction of other exhibits unless: (1) the party proffering

1  the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not

2  be reasonably anticipated at the Pretrial Conference, or (2) the exhibit was discovered after the

3  Pretrial Conference and the proffering party makes the showing required in paragraph "F" below.

4       F.  Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the

5  Court and opposing counsel of the existence of such exhibits so that the Court may consider at

6  trial their admissibility.  The exhibits will not be received unless the proffering party

7  demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the

8  Court and the parties were promptly informed of their existence; (3) the proffering party

9  forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s)

10  may not be copied, the proffering party must show that he or she has made the exhibit(s)

11  reasonably available for inspection by the opposing party.

12       G.  The parties shall exchange their exhibits by mail **30 days in advance of trial**.  Each

13  party will file any objections to exhibits **fourteen days before trial**.  Each exhibit not previously

14  objected to will be forthwith received into evidence.

15       H.  The parties are directed to bring an original and one copy of each exhibit to trial.  The

16  original exhibit becomes the property of the court for purposes of trial.  The copy is for bench use

17  during trial.

18       I.  It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if

19  needed.

20  <u>TRIAL PROTECTIVE ORDER</u>

21       No such order is requested by any party.

22  <u>DISCOVERY DOCUMENTS</u>

23       A.  Plaintiff seeks to introduce all defendants' discovery responses and documents

24  obtained through discovery.

25       B.  Defendants anticipate offering plaintiff's deposition transcript, or portions thereof, at

26  trial, only for purposes of impeachment or rebuttal.

27       C.  Lodging Deposition Transcripts and Video Files

28       It is the duty of counsel to ensure that any deposition transcripts which are to be used at

1  trial have been lodged with the Clerk of the Court **not later than one week prior to trial**.

2  Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use

3  of the deposition or imposition of such other sanctions as the Court deems appropriate.

4        D. Use of Depositions

5        The parties are ordered to file with the Court and exchange between themselves **not later**

6  **than one week before trial** a statement designating portions of depositions intended to be offered

7  or read into evidence (except for portions to be used only for impeachment or rebuttal).

8        E. Interrogatories and Admissions

9        To the extent the parties intend to offer or read into evidence any portions of Answers to

10  Interrogatories or Admissions, a statement designating those discovery responses shall also be

11  filed and exchanged **not later than one week before trial** (except portions to be used only for

12  impeachment or rebuttal).

13  FURTHER DISCOVERY OR MOTIONS

14        Discovery is reopened for the limited purpose of allowing defendants to depose

15  incarcerated witnesses Jayshawn Visa Pierce, Morris Gene Ervin, and Raymond Carl Johnson.

16  All depositions shall be conducted by **August 25, 2025**. Defendants anticipate filing a motion in

17  limine. The Court sets a filing deadline for motions in limine of **February 2, 2026** with

18  opposition briefs due by **February 9, 2026** and reply briefs due by **February 16, 2026**.

19  STIPULATIONS

20        At this time the parties have reached no stipulations. Defendant Leavitt requests that the

21  parties stipulate to the authenticity of plaintiff's CDCR medical records and central file with

22  affidavits from the custodian of records.

23  AMENDMENTS/DISMISSALS

24        None.

25  AGREED STATEMENTS

26        Defendants contend that an Agreed Statement of Facts is not feasible in this case.

27  SEPARATE TRIAL OF ISSUES

28        Defendants Fong, Munoz, and Williamson seek bifurcation of the issue of punitive

1    damages.  Should the jury determine that a defendant is liable and punitive damages are

2    appropriate, the amount of punitive damages will be bifurcated to the extent that evidence

3    concerning a defendant's financial status or net worth will be introduced only after such a finding.

4    <u>IMPARTIAL EXPERTS -- LIMITATION OF EXPERTS</u>

5        Not applicable.

6    <u>ATTORNEYS' FEES</u>

7        Plaintiff seeks attorney's fees pursuant to Local Rule 293(c), but he is not represented by

8    counsel.  Defendants do not seek attorneys' fees.

9    <u>PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS</u>

10        A. Jury Instructions

11        The parties are directed to meet and confer and to attempt to agree upon a joint set of jury

12    instructions.  The parties shall use the Ninth Circuit Model Jury Instructions and any revisions.

13    Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is

14    unavailable.  All instructions shall be, to the extent possible, concise, understandable, and free

15    from argument.  <u>See</u> Local Rule 163(c).  Parties shall also note that any modifications of

16    instructions from statutory authority, case law or from any form of pattern instructions must

17    specifically state the modification by underlining additions and bracketing deletions.  Pursuant to

18    Local Rule 163, jury instructions shall be filed with the Court **one week before trial**.

19        If the parties are unable to agree to a joint filing, the parties may submit separate filings.

20        B. Verdict Form

21        The parties must file a joint verdict form(s) concurrently with proposed jury instructions

22    **one week before trial**.  If necessary, a special verdict or interrogatories shall be included for all

23    factual disputes submitted to the jury that must be resolved before questions of law can be

24    decided, and for any other issue on which specific responses are desired.  <u>See</u> Local Rule 163(e).

25        If the parties are unable to agree to a joint filing, the parties may submit separate filings.

26        C. Voir Dire

27        The parties shall submit proposed voir dire questions to the Court.  The Court reserves the

28    right to conduct all examination of prospective jurors.  Pursuant to Local Rule 162.1, the voir dire

1    questions shall be filed with the Court **one week before trial**.

2          If the parties are unable to agree to a joint filing, the parties may submit separate filings.

3    MISCELLANEOUS

4          Plaintiff's present custodian shall provide for plaintiff's presence at trial pursuant to the

5    writ of habeas corpus ad testificandum to be issued by the court.  All parties shall take any steps

6    necessary to facilitate execution of said writ.  The parties and plaintiff's custodian are cautioned

7    that sanctions will be imposed for failure to comply with court orders.

8          The parties are directed to Local Rule 285 regarding the contents and the deadline for

9    filing trial briefs.

10   PLAINTIFF'S MOTIONS FOR ATTENDANCE OF INCARCERATED WITNESSES

11         Plaintiff filed several motions for the attendance of incarcerated witnesses identified by

12   their name and CDCR number.  ECF Nos. 193, 194, 208.  The motions also contain various

13   declarations describing each witness' actual knowledge of the events of November 21, 2014.

14   ECF Nos. 193, 194, 208.  Defendants oppose plaintiff's motions for the attendance of inmate

15   witnesses Morris Gene Ervin and Raymond Carl Johnson because plaintiff did not list them in his

16   interrogatory responses.  However, as plaintiff points out, defendants have known about these

17   inmate witnesses for over a year now.  See ECF Nos. 166, 173.  The court will grant plaintiff's

18   motion for the attendance of incarcerated witnesses Jayshawn Visa Pierce, Morris Gene Ervin,

19   and Raymond Carl Johnson.  ECF Nos. 193, 194, 208.  The necessary writs of habeas corpus ad

20   testificandum for each of these witness' attendance at trial will be issued by the court.

21         The court denies Plaintiff's motion for the attendance of inmate Tylo Felix as his

22   declaration indicates that he did not witness the events of November 21, 2014.  To the extent that

23   Plaintiff seeks to introduce this witness's testimony as propensity or character evidence, the

24   subsequent use of excessive force by Defendant Williamson occurred after the events at issue in

25   this case.  This evidence would not be admissible to demonstrate Defendant Williamson's

26   propensity for excessive force or his character for violence.  Therefore, the Court grants, in part,

27   and denies in part Plaintiff's motions for the attendance of incarcerated witnesses.  ECF Nos. 193,

28   194, 208.

1    <u>PLAINTIFF'S MOTION FOR A WAIVER OF WITNESS FEES</u>

2     Plaintiff has filed a motion for the waiver of witness fees for those witnesses who have

3    been released from custody.  ECF No. 210.  Although Plaintiff does not indicate which witnesses

4    this motion applies to, the court construes it as a request to waive the daily witness fees and travel

5    expenses for Jaquan Jones, Nathan Carlson, and Michael Bricker who have been released from

6    incarceration.  ECF No. 210.  After reviewing Plaintiff's motion, it appears that Plaintiff only has

7    a current address for Nathan Carlson.  <u>See</u> ECF No. 208 at 14-17 (Plaintiff's Letter to Nathan

8    Carlson in L.A. sent on 9/10/24).  Therefore, his motion for the waiver of witness fees for Jaquan

9    Jones and Michael Bricker is denied as moot since Plaintiff has not listed any current contact

10   information for these witnesses and would not be able to subpoena them.  Plaintiff has not

11   indicated whether Mr. Carlson is willing to testify voluntarily, or whether he requires a subpoena

12   to secure his attendance at trial.  <u>See</u> ECF No. 204 (indicating Carlson may request a travel pass

13   from his parole agent or may require the issuance of a subpoena).  As Plaintiff was previously

14   informed, his in forma pauperis status does not relieve him of the responsibility of paying his

15   witness fees as a civil litigant.  <u>See</u> ECF No. 203 at 4.  Although Plaintiff indicates several

16   alternatives to his prepayment of these fees including paying them on a monthly basis or having

17   them assessed as costs to be paid by the losing party at trial, the Ninth Circuit Court of Appeal

18   has concluded that the IFP statute requires witness fees to be tendered at the same time as the

19   subpoena.  <u>Tedder v. Odel</u>, 890 F.2d 210, 211 (9th Cir. 1989) (citing <u>CF & I Steel Corp. v. Mitsui</u>

20   <u>& Co</u>., 713 F.2d 494, 496 (9th Cir.1983)).   There is simply no procedural mechanism that would

21   require the U.S. Marshal to serve a subpoena without prepayment of the witness fees.  To the

22   extent that Nathan Carlson does not agree to testify voluntarily, the Court denies Plaintiff's

23   motion to waive the prepayment of his daily witness fees and travel expenses from Los Angeles.

24   ECF No. 210.  For all these reasons, the Court denies Plaintiff's motion to waive witness fees for

25   Jaquan Jones, Nathan Carlson, and Michael Bricker.  ECF No. 210.

26    As indicated in the Court's further scheduling order, it is Plaintiff's responsibility to

27   secure the testimony of an unincarcerated witness either voluntarily, or through the issuance of a

28   subpoena to be served by the United States Marshal at the witness' current address.  **Not earlier**

1    **than four weeks and not later than two weeks before trial**, Plaintiff must prepare and submit

2    to the United States Marshal a subpoena for service by the Marshal upon any unincarcerated

3    witness, including Mr. Carlson.  At the time of filing, Plaintiff must also tender the daily witness

4    fee of $40.00 plus the witness' travel expenses.  A subpoena will not be served by the United

5    States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money

6    order made payable to the witness for the full amount of the witness' travel expenses plus the

7    daily witness fee of $40.00.

8    SHACKLING

9         A hearing to make an individualized determination regarding the need for Plaintiff to be

10   shackled before the jury shall be heard prior to the start of trial.  See Claiborne v. Blauser, 934

11   F.3d 885 (9th Cir. 2019).

12   ESTIMATED TIME OF TRIAL/TRIAL DATE

13        Jury trial is set for **Monday, February 23, 2026** at 9:00 a.m. in Courtroom #2 before the

14   Honorable Troy L. Nunley.  Trial is anticipated to last four to five days.

15        **IT IS SO ORDERED**.

16   DATED: August 29, 2025

18               SEAN C. RIORDAN

19               UNITED STATES MAGISTRATE JUDGE