1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GRADY HARRIS,                          No.  2:16-cv-0830-TLN-SCR

12              Plaintiff,

13        v.                                 ORDER

14   JEFF MACOMBER, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner representing himself in this civil rights action filed pursuant to

18   42 U.S.C. § 1983.  Following the parties' objections, the court issued its final pretrial order on

19   May 15, 2025 in this case which is set for trial on February 23, 2026.  ECF No. 229.  Plaintiff

20   filed additional objections to the final pretrial order on July 18, 2025 and a motion for an

21   extension of time to respond to the court's pretrial order on August 29, 2025.[1]  ECF Nos. 231-

22   232.  The court will liberally construe plaintiff's objections as a motion to modify the final

23   pretrial order.

24        **I.        Legal Standards**

25        Once a district court has issued a final pretrial order, modifications are permitted "only to

26   prevent manifest injustice."  Fed. R. Civ. P. 16(e).  The Ninth Circuit has outlined four factors

27   _____

28   [1]  The filing date was calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S.
     266 (1988).

                                              1

1    district courts should consider when determining whether to modify the final pretrial order:

2    (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of

3    the defendants to cure any prejudice; (3) the impact of the modification on the orderly and

4    efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party

5    seeking the modification.  Hunt v. Cty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (internal

6    quotations and citation omitted).

7         **II.**    **Analysis**

8         Plaintiff first objects to the final pretrial order because he has been unable to communicate

9    with his inmate witnesses.  Plaintiff attaches the envelopes to each witness that were marked

10    "return to sender."   See ECF No. 231 at 11-12 (envelopes to inmates Erwin Morris, K. Johnson,

11    and Jayshawn Priece).  Based on the inmate numbers provided by plaintiff on the envelopes, the

12    court has determined that the true names of the inmate witnesses are Morris Gene Ervin,

13    Raymond Carl Johnson, and Jayshawn Visa Pierce.  See CDCR Inmate Locator, available at

14    https://perma.cc/H55Q-5ZDJ (search by CDCR Number).  Modifying the final pretrial order to

15    accurately reflect the names of plaintiff's inmate witnesses is necessary to prevent a writ of

16    habeas corpus ad testificandum from being issued in the wrong name.  Without a proper writ for

17    each witness, the prisoner will not be transported to trial and will not be able to testify on

18    plaintiff's behalf.  The absence of plaintiff's inmate witnesses at trial would create a manifest

19    injustice.  Therefore, the court grants plaintiff's motion to modify the final pretrial order to

20    correct the names of plaintiff's inmate witnesses to **Morris Gene Ervin**, **Raymond Carl**

21    **Johnson**, and **Jayshawn Visa Pierce**.

22         Regarding plaintiff's inability to communicate with his inmate witnesses, it is unclear

23    whether the letters were returned because the names did not match the inmate numbers on the

24    envelope or because plaintiff has not filled out a Request for Correspondence Approval (CDCR

25    Form 1074).  See Cal. Code Regs. tit. 15 § 3139 (requiring a Correctional Counselor to approve

26    inmate to inmate correspondence).  Based on the lack of evidence indicating why the letters were

27    returned, the court does not find any manifest injustice requiring further modification of the final

28    pretrial order.  However, plaintiff may seek further court intervention if his Request for

1  Correspondence Approval with inmates Morris Gene Ervin, Raymond Carl Johnson, and

2  Jayshawn Visa Pierce is denied by prison staff.

3      Plaintiff also objects to the final pretrial order because it reopened discovery for the

4  limited purpose of allowing defendants to depose plaintiff's inmate witnesses.  ECF No. 231 at 2-

5  3.  Defendants objected to the initial pretrial order granting plaintiff's request to call three inmate

6  witnesses.  The court overruled this objection in the final pretrial order, but it did grant defendants

7  the opportunity to depose these witnesses.  The final pretrial order permitted defendants to depose

8  plaintiff's inmate witnesses by August 25, 2025.  ECF No. 229 at 17.  Modifying the order after

9  the deposition deadline has passed would certainly prejudice and surprise defendants and

10  adversely impact the orderly and efficient conduct of the case.  Put simply, it is too late to undo

11  what has already been done.  Defendants have already deposed these witnesses or have lost the

12  opportunity to do so at this late juncture.  For all these reasons, the court finds that plaintiff has

13  not demonstrated that modifying this portion of the final pretrial order is justified.

14      Plaintiff renews his motion for the attendance of inmate witness Tylo Felix at trial.

15  However, he makes the same argument which the court rejected in issuing the final pretrial order

16  because Mr. Felix did not witness the events of November 21, 2014 which are in dispute.  ECF

17  No. 229 at 15.  Thus, plaintiff's renewed motion is denied.  See Gates v. Rivera, 993 F.2d 697,

18  700 (9th Cir. 1993)(emphasizing that "[c]haracter evidence is normally not admissible in a civil

19  rights case and finding that police officer's past conduct had no bearing on question of whether

20  his use of force was excessive).

21      Plaintiff's objections to the final pretrial order also reference exhibits that he seeks to

22  admit including select portions of CDCR's Operations Manual, a letter plaintiff wrote to Internal

23  Affairs in January 2015, and a legal decision in Ashker v. Newsom.  ECF No. 231.  The court has

24  previously overruled plaintiff's objections to using the January 2015 letter and the case of Ashker

25  v. Newsom as exhibits at trial.  See ECF No. 229 at 4.  To the extent he raises these same

26  objections, they are redundant and do not provide a basis to modify the final pretrial order.  As

27  previously indicated, no exhibits other than those identified by the parties in their pre-trial

28  statements will be allowed unless: (1) the party proffering the exhibit demonstrates that the

1    exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated,

2    or (2) the exhibit was discovered after the issuance of the pretrial conference.  ECF No. 229 at 11-

3    12.  Here, plaintiff has not made either showing with respect to select portions of CDCR's

4    Operations Manual.  Thus, this request to modify the final pretrial order with respect to plaintiff's

5    exhibits is denied.

6         Plaintiff also requests that the parties stipulate that the videotape footage from the prison

7    does not represent the entirety of the events in dispute.  The final pretrial order indicates that the

8    parties have not reached any stipulations at this point in time.  ECF No. 229 at 13.  This does not

9    preclude the parties from reaching any stipulations prior to trial.  Accordingly, plaintiff has not

10   demonstrated any manifest injustice that requires modifying the final pretrial order regarding

11   stipulations.

12        As part of his motion, plaintiff requests the appointment of counsel to represent him at

13   trial.  District courts lack authority to require counsel to represent indigent prisoners in section

14   1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

15   circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

16   U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

17   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

18   circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

19   well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

20   legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

21   abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

22   circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

23   legal education and limited law library access, do not establish exceptional circumstances.

24   Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his

25   burden of demonstrating exceptional circumstances warranting the appointment of counsel.

26   Therefore, plaintiff's request is denied.

27        Accordingly, IT IS HEREBY ORDERED that:

28        1.  The Clerk of Court shall update plaintiff's address to California State Prison-Los

4

1  Angeles County, P.O. Box 4490, Lancaster, California 93539, based on his recent filings.

2      2.  Plaintiff's motion for an extension of time to respond to the court's final pretrial order

3  (ECF No. 232) is denied as unnecessary.

4      3.  Plaintiff's objections (ECF No. 231) are construed as a motion to modify the final

5  pretrial order.  So construed, the motion is granted to the extent that the names of plaintiff's

6  inmate witnesses are correctly listed as Morris Gene Ervin, Raymond Carl Johnson, and

7  Jayshawn Visa Pierce.  In all other respects, the motion to modify the final pretrial order is

8  denied.

9      4.  The final pretrial order shall be amended by separate order to accurately reflect the

10  names of plaintiff's inmate witnesses.

11  DATED: August 29, 2025

12

13

14  SEAN C. RIORDAN

UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28