UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRADY HARRIS,

Plaintiff,

v.

JEFF MACOMBER, et al.,

Defendants.

No. 2:16-cv-00830-TLN-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the Court is a motion for terminating sanctions filed by Defendants Fong, Munoz, and Williamson in which Defendant Leavitt subsequently joined. ECF No. 235, 240. Plaintiff filed multiple oppositions, ECF Nos. 241, 245, and Defendants filed a reply. ECF No. 244. Defendants were granted leave to file a sur reply. ECF No. 248. The matter has been fully briefed. For the reasons explained in further detail below, the undersigned recommends granting the motion for terminating sanctions.[1]

**I. Factual and Procedural Background**

This action was proceeding to jury trial on Plaintiff's excessive force claim against Defendants Munoz, Fong, Williamson, and Leavitt, as well as a failure to protect claim against

[1] This matter is referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Defendant Leavitt based on events that occurred in November 2014. See ECF Nos. 140-141 (Findings and Recommendations to deny summary judgment, in part); 144, 145 (Orders denying summary judgment, in part); 233 (Amended Final Pretrial Order). In 2023, the parties commenced a two year legal battle over the identities, locations, and potential testimony of the "inmate witnesses" in this case. See ECF Nos. 173-175, 185, 187-189, 192-194, 200-202, 204-205, 215. The Court finally resolved all of these disputes and issued a Final Pretrial Order on May 15, 2025. ECF No. 229. As part of this order, the Court reopened discovery for the limited purpose of allowing Defendants to depose inmate witnesses Jayshawn Priece, Erwin Morris, and K. Johnson. ECF No. 229 at 17. All depositions of these inmate witnesses were to be conducted by August 25, 2025. Id.

A month later, Defendants filed a motion for terminating sanctions because the declarations that plaintiff filed for these three inmate witnesses were false based on their subsequent deposition testimony that was taken under oath. ECF No. 235. Specifically, defendants indicate that witness Johnson testified that he "had no memory of the alleged [excessive force] incident or of having communicated with Plaintiff's wife about the alleged incident in August 2024." ECF No. 235 at 5.[2] Inmate witness Morris Ervin testified that "he had only a vague recollection of the [excessive force] incident and that the signature at the bottom of the declaration (filed by Plaintiff) was not his."[3] Id. at 6. Finally, inmate witness Jayshawn Pierce testified at his deposition that he did not write the declaration submitted in this case by Plaintiff and that the signature at the bottom of it was not his. Id. at 7-8. Moreover, his name is spelled incorrectly as "Priece" on this declaration. Id. "Defendants have incurred substantial costs and fees conducting discovery on Plaintiff's proposed witnesses to root out this fraud, including hard costs associated with retaining court reporters for the three depositions." ECF No.

[2] The asserted false declaration from witness Johnson that Defendants point to in their Motion for Sanctions is nothing more than a Declaration from Plaintiff recounting third-hand information from Plaintiff's wife about a conversation that she had with inmate Johnson. See ECF No. 202 at 8-9. Therefore, there is no basis in the record for the Court to find that Plaintiff signed a declaration purporting to be from witness Johnson himself. In the interests of judicial economy, the Court will dispense with analyzing the motion with respect to witness Johnson.

[3] Morris Ervin is the true name of the witness-declarant Plaintiff styled as "Erwin Morris."

235 at 10. Based on the false declarations submitted by Plaintiff in support of his pretrial statement, Defendants request terminating sanctions or, in the alternative, "an adverse instruction informing the jury of Plaintiff's fraudulent conduct and reopen discovery to permit Defendants to depose the other witnesses Plaintiff identified for trial." ECF No. 235 at 3. Defendants specifically indicate that they are not requesting monetary sanctions as a remedy—as they see it, this would amount to no sanction at all because plaintiff is an indigent state prisoner. ECF No. 235 at 11 n. 7.

In his opposition to the motion, Plaintiff acknowledges that he personally signed each of the submitted inmate declarations instead of the witnesses, but indicates that he had the personal authority to do so "via per procurationem." ECF No. 241 at 4. "Plaintiff through word of mouth, assistance by his wife Jamila Corey, and other means of correspondence (via mail, friends and other prisoners) received confirmation that these witnesses were willing to testify in trial about their first hand knowledge" of the events at issue. ECF No. 241 at 4-5. After submitting the witness declarations, Plaintiff indicates that he personally spoke to inmate Ervin who "provided … his personal signed signature on the 'per procurationem'" that Plaintiff created and read to him "due to prisoner's [sic] Ervin's mental deficiency." ECF No. 241 at 7. Witnesses Pierce and Johnson also purportedly stood by the declarations previously submitted by Plaintiff. Id. Plaintiff further explains that witness Johnson may not know him as Mr. Harris, but rather by his nickname of "Obi." ECF No. 241 at 8-9. To the extent that witness Johnson testified in his deposition that he did not speak to anyone by telephone about the events at issue, Plaintiff clarifies that he communicated with this witness via text messaging on prison tablets and through prison mail services. Id. at 9. Thus, according to Plaintiff, the witness declarations submitted in support of his pretrial statements are true and correct and do not merit any sanctions. ECF No. 241.

Plaintiff attached an "Amended Declaration" that was prepared by Plaintiff and signed "not under duress" by Morris Ervin on October 6, 2025. See ECF No. 241 at 41. The only material difference between this declaration and the January 10, 2017 declaration signed by Plaintiff is a clause acknowledging that due to witness Ervin's "mental disabilities and lack of

extensive educational know-how" Plaintiff wrote out the declaration. See ECF No. 241 at 50.

On December 8, 2025, Defendants Munoz, Fong, and Williamson submitted a reply brief. ECF No. 244. In their reply, these Defendants expand their argument to include a false declaration by witness Pierce that Plaintiff submitted in opposition to Defendants' Motion for Summary Judgment and on which the Court relied when partially denying summary judgment. ECF No. 244 at 2. Thus, the false declarations filed in support of Plaintiff's Pretrial Statement are not the first time in this case that Plaintiff submitted false evidence. ECF No. 244 at 7. Defendants further contend that Plaintiff's pro se status is not a valid basis for avoiding sanctions because filing a false declaration violates the standard required of any litigant. ECF No. 244 at 2-3 (citation omitted). Additionally, Defendants clarify that they are seeking sanctions under the Court's inherent authority and not pursuant to Rule 11 of the Federal Rules of Civil Procedure. Id. at 3. Defendants point out that Plaintiff did not submit any of the communications with witness Johnson that he insists occurred via tablet and prison mail instead of by phone. Id. at 4. Therefore, there is no evidence corroborating Plaintiff's explanation. Id. "Plaintiff grasps for after-the-fact explanations that are based on speculation, do not address every level of inconsistency, and should leave the Court ultimately questioning whether Plaintiff is being truthful now." Id. at 5. Regarding the new declaration purportedly signed by witness Ervin, Defendants emphasize that it "is equally at odds with Ervin's testimony that he vaguely remembers anything about the case." Id. at 6.

Plaintiff submitted a supplemental opposition to Defendants' reply brief on January 20, 2026. ECF No. 245. Plaintiff contends that he signed the witnesses' declarations himself based on his lack of legal knowledge and his erroneous reliance on a jailhouse lawyer. ECF No. 245 at 2. As a pro se litigant, Plaintiff argues that he should be given the opportunity to correct the defects in the witnesses' declarations and to resubmit them to the Court. ECF No. 245 at 3-4. Specifically, he asks the Court to accept the deposition testimony of witness Pierce who indicated that "for this to be the way it's wrote and before I seen it, it's pretty on point, though, because that's exactly what happened." ECF No. 245 at 18. Additionally, Plaintiff requests that the Court deny the motion for sanctions because his mistake in signing the witnesses' declarations was not

done to commit a fraud upon the Court. Id. at 6. As part of this supplemental opposition, Plaintiff submits his own signed declarations containing statements by witness Carl Johnson that were reported to him in written correspondence and in statements that witness Johnson purportedly made to Plaintiff's wife.[4] ECF No. 245 at 24-27. Plaintiff does not submit any separate declaration from his wife indicating when and what witness Johnson told her about the events at issue in this case.

Defendants obtained leave of Court to file a sur-reply in rebuttal to Plaintiff's supplemental opposition to their motion for sanctions. ECF No. 247 (order granting leave). Defendants indicate that Plaintiff "demonstrated he understood filing forged declarations was improper when he attempted to cover up his conduct by mailing Ervin a copy of his forged declaration a few days before his deposition." ECF No. 248 at 2. Finally, neither the deposition testimony of Johnson or Ervin adopted the statements made by Plaintiff in the declarations that he submitted. Therefore, these false declarations are independently sanctionable. ECF No. 248.

## II. Legal Standards

In the exercise of its inherent power, a court "may impose sanctions including, where appropriate, default or dismissal." Thompson v. Hous. Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty ... it should only be imposed in extreme circumstances." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).

The court considers five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

[4] Carl Johnson is the true name of the witness Plaintiff identified as "K. Johnson."

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted). Not all factors must cut in favor of dismissal for terminating sanctions to be imposed. See Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

## III. Analysis

In his opposition, Plaintiff focuses on the form of the three challenged declarations rather than the substance of them compared with the witnesses' testimony under oath during their depositions. The Court focuses its analysis on the submitted declaration of Erwin Morris whose true name is Morris Ervin. Plaintiff declared under penalty of perjury that Erwin Morris was willing to "testify to what was already submitted to this court via [the] attached affidavit." ECF No. 194 at 2; ECF No. 195 at 3 (Declaration of Morris Erwin). However, in his deposition testimony, witness Ervin does not remember any of the events of November 21, 2014 that are described in his declaration. ECF No. 235-1 at 13-18 (deposition transcript). He also testified that the signature on the declaration was not his own. ECF No. 235-1 at 13-18 (deposition transcript). Also notable is witness Ervin's testimony under oath that he received a copy of the declaration three days before his deposition testimony directly from Plaintiff. ECF No. 235-1 at 17.

Plaintiff's explanation regarding the necessity of signing this witness's declaration does not ring true. Plaintiff asserts that he was placed in administrative segregation "for quite some time" in November 2014, and therefore could not access the witness in the general prison population to obtain his signature. ECF No. 241 at 5-6. However, witness Ervin's declaration

was dated January 10, 2017. See ECF No. 176 at 18 (Declaration of Erwin Morris). This was over two years after the events in dispute in this case. Based on this discrepancy in dates, it does not appear to the Court that Plaintiff was simply trying to record the events shortly after they occurred to preserve them for future litigation purposes. Moreover, Plaintiff's subsequent action of mailing this declaration to witness Ervin days before his scheduled deposition by Defendants is evidence of Plaintiff's efforts to manipulate the facts of this case to his advantage. ECF No. 235-1 at 17. Plaintiff does not dispute sending this declaration to witness Ervin. Therefore, the undersigned concludes that the purported declaration of Erwin Morris was falsely signed by Plaintiff and is not accurate because witness Ervin only "vaguely remember[s] anything about this case." ECF No. 235-1 at 18. Based on this record evidence, the undersigned finds that Plaintiff knowingly submitted a false declaration to the Court as part of his pretrial statement.[5] See James v. Wilber, 956 F. Supp. 2d 1145 (E.D. Cal. 2013) (finding that a prisoner plaintiff "acted in bad faith by misrepresenting what his witnesses saw and heard in order to secure their attendance at trial").

With these facts in mind, the Court now analyzes whether terminating sanctions are appropriate. The first and second factors in determining whether such sanctions are appropriate involve the expeditious resolution of litigation and the court's need to manage its own docket. See Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1054 (9th Cir. 1998) (affirming terminating sanctions in part because significant delay impaired public interest in expeditious resolution of litigation). Plaintiff has spent years litigating the necessity of inmate witnesses in this case which has required countless court resources to resolve the disputes related to them. See ECF Nos. 185, 189, 191, 196, 203, 222, 229, 234. Even after years of litigation concerning these witnesses, Plaintiff still seeks an additional extension of time to file procedurally correct declarations from these witnesses, which would further delay the trial of this matter. See ECF No. 245 at 5-6. The Court has already had to vacate the scheduled trial date in this matter in order to resolve the pending motion for terminating sanctions. Both parties'

[5] Based on this finding and in the interests of judicial economy, the undersigned concludes that it is not necessary to separately analyze the declarations from witnesses Johnson and Pierce.

suggested alternatives to terminating sanctions require additional time before a trial date can be set. The undersigned rejects Defendants' alternative remedy of reopening discovery to allow them to take the depositions of the remainder of Plaintiff's witnesses. Discovery has already been reopened twice. See ECF No. 106 (reopening discovery for the limited purpose of allowing the parties to conduct discovery as to defendant Leavitt); ECF No. 229 (reopening discovery for the limited purpose of allowing Defendants to depose inmate witnesses). Further delays in a case that is already ten years old will further degrade the ultimate truth-seeking function of the trial as the witnesses' memories fade over time. This lawsuit has veered so far off course, it is impossible to course correct at this late date. For all these reasons, the undersigned finds that the first two factors weigh heavily in favor of terminating sanctions.

The third factor the Court must analyze is the risk of prejudice to Defendants. "In determining whether a defendant has been prejudiced, [the court] examines whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.2d at 131. Submitting a declaration under penalty of perjury from a purported eyewitness without knowing what that witness remembers is a very fundamental afront to the truth seeking function of a trial. See James, 956 F. Supp. 2d at 1168 (emphasizing that "[e]ngaging in the falsification of declarations to secure the presence of otherwise unqualified witnesses at trial undermines the integrity of judicial proceedings and is utterly inconsistent with the orderly administration of justice"). Defendants have also incurred the costs of deposing three of Plaintiff's witnesses in order to ascertain the truthfulness of the disputed declarations. Therefore, the third factor also supports the imposition of terminating sanctions.

The public policy in favor of resolving cases on their merits is a factor that weighs against terminating sanctions in this case. However, it cannot, by itself, support a denial of terminating sanctions. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (emphasizing that a dismissal will be affirmed "where at least four factors support dismissal, … or where at least three factors strongly support dismissal") (citation and internal quotations omitted).

The final factor to be considered by the Court is the availability of less drastic sanctions.

Part of this analysis includes whether there are any lesser sanctions available. The undersigned has already explained why the parties' alternative sanctions are not appropriate at this late stage of the proceedings. Any further extensions of time to reopen discovery or to submitted corrected declarations will only delay the resolution of this case which has already been pending for ten years. Defendants also correctly note why monetary sanctions against Plaintiff, who is an indigent prisoner, would be futile and unenforceable. See James, 956 F. Supp. 2d at 1169 (E.D. Cal. 2013) (citing Thomas v. Gerber Prod., 703 F.2d 353, 356-57 (9th Cir. 1983); Wade v. Ratella, 407 F. Supp. 2d 1196, 1209 (S.D. Cal. 2005). Therefore, the available alternatives are either unreasonable at this late stage of the case or not feasible. Although the Court did not explicitly warn Plaintiff that submitting false evidence to the Court could result in the dismissal of his case, the lack of such a warning is not dispositive. See Malone, 833 F.2d at 132-133 (finding that the lack of a warning was unnecessary under the circumstances of the case and that dismissal was appropriate). Finally, "[t]ruth is the most critical factor in determining whether to assess case-dispositive sanctions, and here, Plaintiff sacrificed the truth in an effort to gain advantage at trial. Allowing the trial to proceed notwithstanding conduct which is antithetical to the pursuit of the truth does not suffice to sanction the conduct." James, 956 F. Supp. 2d at 1170 (imposing terminating sanctions where prisoner submitted declarations of inmate witnesses who were not ear and eyewitnesses to the disputed event where prisoner attested under penalty of perjury that they were).

Having carefully considered the relevant factors, the undersigned recommends granting Defendants' motion for terminating sanctions. See Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 352 (9th Cir. 1995) (dismissing action where party "will say anything at any time in order to prevail in this litigation" because it would be "impossible for the district court to conduct a [] trial with any reasonable assurance that the truth would be available").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for terminating sanctions (ECF No. 235) be granted and this action be dismissed with prejudice.

2. The Clerk of Court be directed to enter judgment for Defendants and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE